UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 05-10057-RCL |
| v. ) | |
| ) | |
| ABDUL RAZZAQUE AHMED, ) | |
| ) | |
| Defendant ) | |

## JOINT MOTION TO MODIFY THE
## POST-INDICTMENT RESTRAINING ORDER

The parties jointly move this Court to modify its order of March 16, 2005 prohibiting the defendant, Dr. Abdul Ahmed ("Dr. Ahmed"), and all others from accessing or using the following assets: (a) $5,418,601.07 in United States currency; (b) real property located at 260 Fisher Avenue in Brookline; (c) all funds contained in Quick & Reilly Brokerage account number XXX-11072; (d) all funds contained in Fleet Bank account number XXXXXX4640; (e) all funds contained in Fleet Bank account number XXXXXX3508; and (f) all funds contained in Fleet Bank account number XXXXXX6195 (collectively, the "Subject Assets"). See Post-Indictment Restraining Order, issued March 16, 2005 ("the Ex Parte Order").

### BACKGROUND

On March 16, 2005, an Indictment was returned against Dr. Ahmed charging him with, among other things, six counts of mail fraud and fourteen counts of health care fraud. See Indictment at Counts 1-20. The Indictment further alleges that the proceeds of the alleged fraud are subject to forfeiture. See id. at ¶¶ 44, 46. The same day that the Indictment was issued, the government filed an emergency *ex parte* petition to freeze the

Respectfully submitted,
**Michael J. Sullivan**
**United States Attorney,**


   /s/ Jeremy Sternberg
Michael K. Loucks
Jeremy M. Sternberg
Assistant U.S. Attorneys
United States Courthouse
One Courthouse Way
Boston, MA 02210


**A. Razzaque Ahmed,**
By his attorney,


   /s/ Richard M. Egbert
Richard M. Egbert
99 Summer Street
Boston, MA 02110
(617) 737-8222


Dated: April 7, 2005


## Certificate of Service

I, Richard M. Egbert, hereby certify that I have, on this 7th day of April, 2005, caused the above document to be electronically served by hand upon Assistant U.S. Attorneys Michael K. Loucks and Jeremy Sternberg, Office of the United States Attorney, District of Massachusetts, One Courthouse Way, Boston, MA 02210.

                              /s/ Richard M. Egbert
                              Richard M. Egbert

4

Subject Assets to "prevent their alienation or dissipation." See Government's *Ex Parte* Application for Post-Indictment Restraining Order at 5. The Ex Parte Order was issued that same day.

At the time that the government sought and obtained the Ex Parte Order, the government was not aware of the value of the Subject Assets. See Ex Parte Order at 3 (ordering government to promptly report the value of each restrained asset to the Court). Since that time, the parties have agreed that the Ex Parte Order actually restrains assets with a value exceeding the value of the property alleged to be forfeitable. See Government's Report Regarding Value of Restrained Assets, filed March 21, 2005; cf. Indictment ¶¶ 44(a), 46(a).

## ARGUMENT

A court that has relied upon the probable cause established in an indictment to issue an ex parte restraining order under 21 U.S.C. § 853(e)(1)(A) may thereafter hold a hearing and modify or vacate the order. See United States v. Real Property in Waterboro, 64 F.3d 752, 756 (1st Cir. 1995) (citing S. Rep. No. 225, 98th Cong., 2d Sess. 206 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3386); United States v. Siegel, 974 F.Supp.55, 58 (D. Mass. 1997) (Saris, J.). Such an order is "clearly improper" if it restrains more property than is alleged to be "subject to forfeiture." See 21 U.S.C. § 853(e)(1)(A) (permitting a restraining order or injunction where an indictment alleges that the affected property "would, in the event of a conviction, be subject to forfeiture"); Siegel, 974 F.Supp. at 58 (concluding the Court has "the statutory discretion to modify the restraining order if it is 'clearly improper' in light of the congressional goals of preserving only that property which is available for forfeiture").

The Indictment seeks forfeiture of the proceeds obtained as a result of the alleged fraud, identified as $5,418,601.07. See id. at ¶¶ 44(a), 46(a). The parties have agreed that the Ex Parte Order actually restrains assets with a value exceeding that amount. See, e.g., Government's Report Regarding Value of Restrained Assets, filed March 21, 2005; cf. Indictment ¶¶ 44(a), 46(a). The parties therefore propose that the Court modify its Order by (1) removing any restraint on the assets listed in paragraphs (b) and (d) through (f), and (2) limiting the restraint on the assets listed in paragraph (c) for the limited purpose of allowing Dr. Ahmed to convert that account into cash, establish a money market account and withdraw any amount over $5,418,601.07.

**WHEREFORE**, the parties respectfully request that this Court modify the Ex Parte Order to restrain only $5,418,601.07 in money market funds in Quick & Reilly account number XXX-11072.[1]

---

[1] By agreeing to this Joint Motion, the parties do not intend to waive any arguments pertaining to the forfeiture allegations, including but not limited to whether any of the Subject Assets are or are not forfeitable as direct or substitute assets and whether the proof at trial will be limited to the amount of proceeds alleged in the Indictment.

3