UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 05-10057-RCL |
| ) | |
| v.    ) | |
| ) | |
| ABDUL RAZZAQUE AHMED ) | |
| ) | |
| Defendant  ) | |

### JOINT STATUS MEMORANDUM

Pursuant to the Court's Order dated March 21, 2005, the parties have conferred and hereby submit a joint status memorandum addressing the items set forth in Local Rule 116.5(A)(1)-(7):

1. Defendant requests relief from the applicable timing requirements of Local Rule 116.3. The United States is endeavoring to fulfill those time requirements, but to the extent Defendant is afforded relief from them, requests similar relief.

2. Defendant does request expert discovery concerning expert witnesses. The United States has agreed to provide such discovery. Reciprocal discovery from Defendant concerning expert witnesses is requested by and will be provided to the United States. The parties are working cooperatively to establish mutually agreeable time frames for providing such material.

3. The United States is not anticipating any future receipt of information, documents, or reports of examination or tests, however, to the extent it does, is aware of its obligations to supplement its production of discovery. Defendant will be engaging one or more DNA experts and will be providing additional discovery once the information, documents, or reports of examinations or tests upon receipt.

4. Other than the currently pending motion for protective order and motion to modify

conditions setting release, which the parties do not believe would be assisted by a hearing, the parties are not aware that a motion date needs to be established under Rule 12(c).

5. The parties' position is that all time from April 18, 2005, the end of the excludable delay period under the Court's March 21, 2005 Order, through the date of this hearing, May 2, 2005 is excludable delay due to the pending motions. It is further the position of the parties that under Local Rule 112.2(A)(3), the period of fourteen days from the filing of the request for discovery by the United States, April 18, 2005, to May 2, 2005, shall be excludable delay. It is further the position of the parties that this should be designated a complex case, under 18 U.S.C. §3161(h)(8)(B)(ii), as evidenced by the DNA evidence that is expected to be adduced by each side and the volume of documents produced by the United States as part of automatic discovery (in excess of 35,000 page) and that, in the first instance, all time between this date and the date of the Interim Status Conference should be excludable delay. The ends of justice served by such a continuance/period of excludable delay outweigh the best interest of the public and Defendant in a speedy trial. A failure to grant such a continuance/period of excludable delay may result in a miscarriage of justice and would deny the parties the reasonable time necessary for effective trial preparation,, taking into account the exercise of due diligence.

6. A trial is anticipated. The United States anticipates the trial will last approximately 20 days. Defendant does not yet believe he is in a position to estimate the number of trial days.

7. The parties request an Interim Status Conference on a mutually convenient date in July 2005.

|  |  |
|---|---|
| RAZZAQUE ABDUL AHMED | Respectfully submitted,<br>MICHAEL J. SULLIVAN<br>United States Attorney |
| By his attorney, | By: *[signature]*<br>James E. Arnold |
| *[signature]*<br>Richard M. Egbert<br>Law Offices of Richard M. Egbert, P.C.<br>99 Summer Street, Suite 1800<br>Boston, MA 02110<br>(617) 737-8222 | Jeremy M. Sternberg<br>Assistant U.S. Attorneys<br>One Courthouse Way<br>Boston, MA 02210<br>(617) 748-3100<br><br>Date: April 7, 2005 |