UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 05-10057-RCL |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ABDUL RAZZAQUE AHMED | ) |  |
|  | ) |  |
| Defendant | ) |  |

**OPPOSITION BY UNITED STATES TO DEFENDANT'S
MOTION TO MODIFY TERMS OF PRETRIAL RELEASE**

The United States hereby opposes defendant's August 17, 2005 Motion to Modify Terms of Pretrial Release to allow him to travel to London, England from October 10, 2005 to October 17, 2005 in connection with certain professional conferences and association meetings to which he has been invited. The grounds for this Opposition are as follows:

1. On March 15, 2005, a twenty-two count indictment was returned against Defendant charging him with mail fraud, health care fraud and obstruction of justice, among other things. At the core of the indictment were charges that Defendant fraudulently billed Medicare for over $5 million in expensive intravenous immunoglobulin treatments for patients who did not have a disease for which Medicare paid for those treatments. Instead, as the indictment charged, Defendant falsified diagnoses, and then, once he became aware of a government investigation, took steps to falsify and taint blood sera samples of many of these patients with the objective of obstructing the investigation into the fraudulent billing to Medicare.

2. At the initial appearance, the United States moved for detention pursuant to 18 U.S.C. §3142(f)(2)(A) on the grounds that Defendant posed a risk of flight. At the detention hearing, the

United States noted that the nature and circumstances of the charged offenses, which included not only fraud, but obstruction of the efforts by the United States to investigate and uncover that fraud, were factors weighing in favor of detention. In addition, the United States pointed to Defendant's close ties with and frequent travel to his country of origin, India, as a further factor in favor of detention. Moreover, the United States argued that given his close ties to another country and the magnitude of the loss that he was facing if convicted of the charges in the indictment, Defendant posed a serious risk of flight.

3. The pretrial services report, which was made available to the United States before the detention hearing concluded that the Defendant did pose a risk of flight.

4. While the United States argued that such risk of flight was not outweighed by any reasonable conditions, pretrial services and the Court concluded that there were reasonable conditions that would reasonably assure Defendant's appearance at trial. See March 21, 2005 Order Setting Conditions of Release; see also Transcript of March 21, 2005 Detention Hearing at 5, 24-25 (attached hereto as Exhibit A).

5. Those conditions included a $5 million bond secured by Defendant's primary residence in Brookline, Massachusetts. See March 21, 2005 Order Setting Conditions of Release. Those conditions also included restricting Defendant's travel to the Commonwealth of Massachusetts, ordering Defendant not to apply for any travel documents and surrendering his passport. Id. The Court was very specific about these travel restrictions noting that "the Commonwealth of Massachusetts really does mean the Commonwealth of Massachusetts, which does mean not shopping in New Hampshire. Okay? I mean, I mean it." Transcript at 27 (attached hereto as Exhibit A).

6. While Defendant has applied for, and the Court has granted, permission for certain professionally related travel outside Massachusetts but within the United States, the request to travel for one week to London is different and creates additional, and in the view of the United States, unacceptable risk. The request for travel to London is different in that it requires that Defendant's passport, which he surrendered to pretrial services, must be returned to him. Once he has his passport, regardless of any Court order, on its face, the passport would permit travel to any country that allows Americans free passage. Moreover, once Defendant is out of the country with a valid passport, he is beyond the current reach of this Court.[1] This is in stark contrast to a trip within the United States, without a passport, in which Defendant would not have free rein to leave the country, and in which if he did not return and were apprehended in another state, there are well-honored rules and procedures to return him to this District to face trial on the charges contained in the indictment. In short, once Defendant is out of the United States with his American passport, there is nothing that will reasonably ensure that he will return to face trial.

---

[1] While speculative, one possible flight scenario is flight by Defendant to his native country, India. Locating, apprehending and securing his return by extradition treaty would be complicated and difficult at best under that scenario. Another potential scenario is flight to a country with whom the United States does not have an extradition treaty.

## Conclusion

For the foregoing reasons, the United States submits that the Court should not modify the Conditions of Release it set on March 21, 2005 to allow Defendant to travel outside the United States, with his passport, to London, England in October 2005 and respectfully requests that it therefore deny Defendant's August 17, 2005 Motion to Modify Terms of Pretrial Release.

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                By:     _____
                                        James E. Arnold
                                        Jeremy M. Sternberg
                                        Assistant United States Attorneys
                                        One Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3142

August 19, 2005

## Certificate of Service

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this day by mail.

8/19/05                                 _____
                                        Jeremy M. Sternberg