UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10057-RCL |
| ) | |
| ABDUL RAZZAQUE AHMED ) | |
| ) | |
| Defendant ) | |

### UNITED STATES' MOTION TO DISQUALIFY
### RICHARD M. EGBERT, ESQ., AS TRIAL COUNSEL

The United States, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys Jeremy M. Sternberg and James E. Arnold, hereby moves this Court to disqualify Richard M. Egbert, Esq., as trial counsel for defendant Abdul Razzaque Ahmed. In support of this motion, the United States submits as follows:

1.  Count Twenty-Two of the Indictment charges defendant Ahmed with obstruction of a criminal Federal health care fraud investigation in violation of 18 U.S.C. § 1518. In pertinent part, Count Twenty-Two alleges that on or about October 25, 2001, defendant Ahmed sought to obstruct an ongoing investigation of a Federal health care offense "by causing false documents to be prepared and produced, *through his retained defense counsel*," to representatives of the United States who were investigating his Medicare billings. Count Twenty-Two, Indictment, ¶ 40 (emphasis added).

2.  Attorney Egbert is the "retained defense counsel" described in this Count. He also is the only counsel as of this date to enter an appearance on behalf of defendant Ahmed.

3. Part of the Government's evidence at trial with respect to Count Twenty-Two will, of necessity, consist of the statements and actions by Mr. Egbert contemporaneous with his production of records on behalf of his client on October 25, 2001.

4. Ethical considerations and the due administration of justice dictate that trial counsel cannot serve as both trial advocate and trial witness. Moreover, even if trial counsel does not testify as to the events on October 25, 2001, his personal and direct participation in those events presents the improper and unfair specter that counsel will be an unsworn witness appearing before the jury.

5. In accordance with Local Rule 7.1(A)(2), counsel for the Government has, through letters dated April 18, 2005, July 21, 2005, and August 16, 2005, sought to engage Attorney Egbert in a possible remedy that might have obviated the need for disqualification of counsel. Attorney Egbert has neither responded to nor otherwise acknowledged these letters.

6.  Accordingly, for the reasons submitted in the accompanying Memorandum in Support of this Motion, the Government respectfully requests this Court to issue an order disqualifying Attorney Richard M. Egbert from representing defendant Ahmed in any matters occurring before the jury, including but not limited to, jury empanelment and trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Jeremy M. Sternberg
James E. Arnold
Assistant United States Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3603/(617) 748-3142

September 1, 2005

### Certificate of Service

I hereby certify that I served a copy of the foregoing on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this day by mail.

_____
James E. Arnold
Assistant U.S. Attorney