UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 25  P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 05-10057-RCL |
| v. | ) |
| ABDUL RAZZAQUE AHMED | ) |
| Defendant | ) |

## RENEWED MOTION BY THE UNITED STATES
## TO DISQUALIFY RICHARD M. EGBERT, ESQ. AS TRIAL COUNSEL

The United States, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys James E. Arnold and Jeremy M. Sternberg, hereby renews its motion to disqualify Richard M. Egbert, Esq. as trial counsel for defendant Abdul Razzaque Ahmed. The United States originally filed its original motion to disqualify on September 1, 2005. Based on a meeting that counsel for the United States had with Attorney Egbert on September 26, 2005, counsel for the parties advised the Court at a hearing on September 26, 2005, that they expected to resolve the issues raised in that motion by means of a Stipulation. However, as set forth in the letter attached hereto as Exhibit A, the parties have been unsuccessful in reaching agreement on a Stipulation, and therefore the United States renews its Motion to Disqualify. In support of its motion, the United States relies on the following pleadings, all previously filed on September 1, 2005: United States' Motion to Disqualify Richard M. Egbert, Esq. As Trial Counsel, Memorandum in Support of United States' Motion to Disqualify Richard M. Egbert, Esq. As Trial Counsel and Declaration of Assistant U.S. Attorney

James E. Arnold.[1]

WHEREFORE, the United States respectfully requests that the Court allow its Renewed Motion to Disqualify Richard M. Egbert As Trial Counsel.

                        MICHAEL J. SULLIVAN
                        United States Attorney

By: /s/ James E. Arnold
    James E. Arnold
    Jeremy M. Sternberg
    Assistant United States Attorneys
    One Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

October 25 2005

### Certificate of Service

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this day by mail.

10/25/05

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney

---

[1] The facts set forth in the Declaration of Assistant U.S. Attorney James Arnold, which was filed on September 1, 2005, were true and current as of that date. The letter dated October 21, 2005 from counsel for the United States to Attorney Egbert, updates those facts, particularly those as to the interaction between counsel on the disqualification issue.

2



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 21, 2005

<u>Via Facsmile 617 737 8223</u>

Richard M. Egbert, Esq.
Law Offices of Richard M. Egbert
99 Summer Street, Suite 1800
Boston, MA 02110

    Re:  <u>United States v. Abdul Razzaque Ahmed, Criminal No. 05-10057-RCL</u>

Dear Mr. Egbert:

    As you know, since September 26, 2005, we have been in discussions in an effort to reach a Stipulation that would obviate the need for you to testify at the trial of this matter, and that would in turn obviate the issues raised in the motion to disqualify you as trial counsel filed by the United States on September 1, 2005. As you know, shortly after the filing of that motion, the Court set the motion to disqualify for a hearing on September 26, 2005. On September 23, 2005, you phoned us to see if there was some Stipulation that the parties could enter into that would resolve the issues raised in the motion to disqualify. You and I and Jim Arnold met on September 26, and you marked up a Stipulation that we had sent to you on July 21, 2005. Later that day, the parties advised the Court that there were productive discussions about a Stipulation that may obviate the motion to compel, and that no hearing on that motion should ensue at that time. On October 3, 2005, we sent you back your original handwritten mark-up of the Stipulation from September 26 and a new typewritten version, acceptable to the United States, that was consistent with the September 26 mark-up. During the week of October 10, 2005, you advised me by telephone that the language was now acceptable, but that your client would only agree that it was a Stipulation of fact, not a Stipulation as to admissibility of those facts. On October 17, 2005, I called you and responded that absent a Stipulation as to admissibility, there may still be a need for you to testify, depending on the nature of any objection you may lodge at trial. You responded that you could then testify, if necessary, about facts that may overcome whatever objection you made, outside the presence of the jury.

    We write to notify you that we do not agree with your final proposal that the Stipulation

Mr. Egbert
October 21, 2005
Page 2

be solely as to the facts but not as to admissibility, even with your caveat that you could testify, outside the presence of the jury, as to matters that may overcome whatever evidentiary objection you may make. While it seems that the parties have been able to agree on the language in the Stipulation, the United States does not agree to withdraw its motion to disqualify unless the Stipulation is agreed to as evidence. Without an agreement as to admissibility, which would obviate the need for you to testify at trial, there is no assurance that you will not be a trial witness and therefore the issues raised in the motion to disqualify are not obviated. Therefore, we will notify the Court to reactivate our previously filed motion to disqualify and request that it be set for hearing in advance of the December 2, 2005 date we have set aside for the deposition in Maine.

Very truly yours,

James E. Arnold
Jeremy M. Sternberg
Assistant U.S. Attorneys