

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 28, 2005

Richard M. Egbert
Law Offices of Richard M. Egbert
99 Summer Street, Suite 1800
Boston, MA 02110

Re: <u>United States v. Abdul Razzaque Ahmed, Criminal No. 05-10057-RCL</u>

Dear Mr. Egbert:

I have received your letter dated November 14, 2005, which you describe as "the STR Discovery Request with regard to DNA testing" (the "Request"). The Request contains twenty-four separate requests, some with multiple sub-parts. Much of what has been requested has already been produced.

The Request begins by stating as follows:

This is a request for disclosure of scientific materials pertaining to DNA testing performed in this case. This request applies to all DNA testing that has been, is currently being, or will be performed in the instant case.

That opening to the Request precedes all of the enumerated requests. By its own terms, we therefore read each enumerated request to be only for "materials pertaining to DNA testing performed in this case." Therefore, as a first general objection, grounded both in the Rules of Criminal Procedure and the text of the Request, the United States objects to the Request to the extent is seeks any materials beyond "materials pertaining to DNA testing performed in this case."

Federal Rule of Criminal Procedure 16(a)(1)(F) limits discovery of examinations and tests to "results or reports of any physical or mental examination and of any scientific test." As you know, the United States has already produced all DNA results and reports prepared by The Bode Technology Group ("Bode") in this matter. Therefore, as a second general objection, the United States objects to the Request to the extent it seeks any material beyond the scope the Rules of Criminal Procedure (the "Rules"), particularly, but not limited to, Rule 16(a)(1)(F).

Mr. Egbert
November 28, 2005

The numbered responses below correspond to the numbered paragraphs of the Request. All the responses below are subject to the general objections set forth above.

1. The Bode case file has already been produced. In addition, despite not being obligated to do so under the Rules, the United States made early production to you of the grand jury transcripts of Todd Bille of Bode.

2. This request asks that a list of all software and hardware used in the DNA testing be specially compiled. That information is contained in the documents already provided to you. While not obligated to do so under the Rules, if you or your consulting expert have some difficult in locating that information in the materials already provided, please contact me so that we can assist in directing you to that information.

3. Copies of the electropherograms generated by the Bode analysis were previously produced in hard copy to you. To the extent this request seeks additional materials, the United States objects to the request as being beyond the scope of discovery permitted under the Rules.

4. This request seeks, on "CD-Rom media," data files used and created in the course of the DNA testing. To the extent that this request seeks, in a different format, information that has already been provided, it is objected to as being beyond the scope of discovery permitted under the Rules. To the extent that this request seeks some data that you do not believe is contained in the materials already provided, please let me know what data you are seeking.

5-7. These three requests seek information about "macros" and "software parameters" for the testing performed by Bode in this case. While much of this information is contained in what has previously been produced, and while the United States is not obligated to produce such information under the Rules, we will endeavor to provide a copy of the "macros" used, in a separate format, by December 16, 2005.

8. This request asks that a statement be prepared "specifying whether GeneScan and Genotyper software automatic labeling or manual labeling was used for each sample tested." This information is contained in the materials already produced. To the extent that this request seeks any additional information, it is objected to as being beyond the scope of discovery permitted under the Rules.

9-10. These requests seek various information about "software filter parameters." While much of this information is contained in what has previously been produced, and while the United States is not obligated to produce such information under the Rules, we will endeavor to provide copies of the set-up guidelines and interpretive guidelines used by Bode on this project by

Mr. Egbert
November 28, 2005


December 16, 2005. To the extent that these requests seek additional information, they are objected to as being beyond the scope of discovery permitted under the Rules.

11. This request seeks information regarding the observation of "spikes." This information has previously been provided in hard copy to you. To the extent this request seeks additional materials, the United States objects that the request is beyond the scope of discovery permitted under the Rules.

12. This request seeks information about samples that were reamplified or reinjected. The materials produced previously contain information regarding samples, if any, that were reamplified or reinjected. To the extent that this request seeks additional information or the creation of new documents, such as those showing "a summary statement of the reason for the reamplification or reinjection," it is objected to as being beyond the scope of discovery permitted under the Rules.

13. This request appears to request documents regarding the "audit trail of adjustments to labels." This information is contained in the documents previously produced.

14. This request seeks information about "size standards used in the testing." This information is contained in the documents previously produced and will be supplemented by the documents that will be produced in response to requests 9 and 10.

15. The United States objects to this request on the basis of the general objections set forth above (request seeks information beyond the scope of this case and beyond the scope of discovery permitted under the Rules).

16. While much of this information is contained in what has previously been produced, and while the United States is not obligated to produce such information under the Rules, we will endeavor to provide a copy of a maintenance log for the hardware utilized in the DNA testing in this matter by December 16, 2005.

17. While much of this information is contained in what has previously been produced, and while the United States is not obligated to produce such information under the Rules, in response to this request for "Laboratory Protocols," we will endeavor to provide you by December 16, 2005 with Bode's set-up guidelines and interpretive guidelines used in the DNA testing in this matter.

18. To the extent this request seeks information on "chain of custody," such information (including information on storage and consumption) is contained in the materials previously produced to you. To the extent that request 18c. seeks information about the "amount of material

Mr. Egbert
November 28, 2005

which remains," rather than opening a sample for just that purpose, once you have identified your testing lab, we can work out a process for sharing those samples with your lab so that your lab can determine how much is left and perform its own test. Request 18e is incomprehensible. To the extent that request 18e seeks sample profiles generated and used in other work that Bode has done, it is objected to as beyond the scope of this case, beyond the scope of discovery permitted by the Rules and seeking to impose an obligation on the United States and Bode that is impermissible.

19. While much of this information is contained in what has previously been produced, and while the United States is not obligated to produce such information under the Rules, we will endeavor to provide you by December 16, 2005 with a reference to the allelic frequency tables used by Bode in this matter.

20. This request seeks "all quality assurance testing results for all reagents use in the testing of the samples in this case." The positive and negative controls are included in the materials already produced. To the extent that this request seeks additional information, the United States objects on the basis of the general objections set forth above (request seeks information beyond the scope of this case and beyond the scope of discovery permitted under the Rules).

21. This request seeks information regarding "Mixture Analysis," including "deconvolution analysis." Bode did not perform deconvolution analysis so no such analysis can be or will be produced. The mixture analyses performed by Bode are included in the materials already produced, though that information will be supplemented by the materials produced in response to Requests 9 and 10. To the extent this request seeks any additional information it is objected to on the basis that it is beyond the scope of discovery permitted under the Rules.

22. Though the accreditations maintained by Bode are referred to in information already provided to you and are also publicly available, while the United States is not obligated to do so under the Rules, we will provide copies of such accreditations by December 16, 2005.

23. This request seeks information about Bode laboratory personnel who performed work on this matter. While those individuals are identified in the materials already provided to you, this request seeks information well beyond what would have to be provided even if those individuals were going to testify. To the extent this request seeks information beyond their identification and information so that you can identify their initials on the documents already produced, the United States objects to the request on the basis of the general objections set forth above (request seeks information beyond the scope of this case and beyond the scope of discovery permitted under the Rules).

24. This request seeks "Documentation of Corrective Actions for Discrepancies and Errors."

Mr. Egbert
November 28, 2005

There were no such "Discrepancies and Errors" in the work that Bode did on this matter. To the extent that this request seeks information beyond the work that Bode did on this matter, the United States objects on the basis of the general objections set forth above (request seeks information beyond the scope of this case and beyond the scope of discovery permitted under the Rules).

                                                   Very truly yours,

                                                   MICHAEL J. SULLIVAN
                                                   UNITED STATES ATTORNEY

By: /s/ Jeremy M. Sternberg
     Jeremy M. Sternberg
     Assistant U.S. Attorney

cc: Magistrate-Judge Judith G. Dein