UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 05-10057-RCL |
| ) |  |
| v. ) |  |
| ) |  |
| ABDUL RAZZAQUE AHMED ) |  |
| Defendant ) |  |

## JOINT FINAL STATUS MEMORANDUM

Pursuant to the Court's Order dated November 21, 2005, the parties have conferred and hereby submit a final status memorandum addressing the items set forth in Local Rule 116.5(C)(1)-(9):

1. The United States is unaware of any discovery issues raised by the Defendant. The United States produced additional information concerning DNA testing in response to Defendant's discovery request. The only follow up request from the Defendant is a letter dated January 17, 2006 requesting that the United States consent to sending certain blood samples subpoenaed by the United States to a lab designated by the Defendant, Serological Research Institute. The United States expects to agree cooperatively to a process that will provide access to the Defendant to portions of the samples sufficient to perform the desired testing. However, the United States still awaits an identification of any expert(s) for the Defendant and a date by which Defendant's expert disclosures shall be made. The Defendant also awaits a date by which the United States shall make expert disclosures regarding Dr. Hall. There are no pending discovery motions. Defendant will be making follow-up DNA discovery requests and will do so

the week of January 23, 2006.

    2.  Defendant anticipates providing discovery, according to the Federal Rules of Criminal Procedure, as a result of his future receipt of information, documents, or reports of examinations or tests.

    3.  The Defendant does not intend to raise a defense of insanity or public authority.

    4.  The United States has not requested notice of alibi by the Defendant.

    5.  The Defendant does intend to file a motion to sever, dismiss, or suppress or another motion requiring a ruling by the District Court before trial.

    6.  A schedule should be set for briefing the admissibility of the Stipulation which was discussed at the November 21, 2005 status hearing.

    7.  The parties have not discussed the possibility of an early resolution of the case without trial, but do not believe any such discussions would be fruitful.

    8.  The Court stated in its November 21, 2005 Order that:

> This court finds and concludes, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

In light of that finding, the parties requests that the Court order that the period between January 19, 2006 and the next status conference or hearing also be excludable delay.  At present, all the time since the Indictment has been excludable delay and there are 70 days remaining under the Speedy Trial Act.

9.  The United States anticipates the trial will last approximately 20 days.  Defendant does not believe he is in a position to estimate trial length.

|  |  |
|---|---|
| RAZZAQUE ABDUL AHMED | Respectfully submitted,<br><br>MICHAEL J. SULLIVAN<br>United States Attorney |
| By his attorney, | |
|  | By:  /s/ Jeremy M. Sternberg<br>James E. Arnold |
| /s/ Richard M. Egbert/jms (w/permission)<br>Richard M. Egbert<br>Law Offices of Richard M. Egbert, P.C.<br>99 Summer Street, Suite 1800<br>Boston, MA 02110<br>(617) 737-8222 | Jeremy M. Sternberg<br>Assistant U.S. Attorneys<br>One Courthouse Way<br>Boston, MA 02210<br>(617) 748-3100<br><br>Date: January 19, 2006 |