## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 05-10057-RCL** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **ABDUL RAZZAQUE AHMED** | ) |  |
|  | ) |  |
| **Defendant** | ) |  |

### OPPOSITION BY UNITED STATES TO DEFENDANT'S
### MOTION TO MODIFY TERMS OF PRETRIAL RELEASE

The United States hereby opposes defendant's February 1, 2006 Motion to Modify Terms of Pretrial Release to allow him to travel to Saudi Arabia from March 13, 2006 through March 16, 2006 in connection with a professional conference to which he has been invited to give various lectures. The grounds for this Opposition are as follows:

1. On March 15, 2005, a twenty-two count indictment was returned against Defendant charging him with mail fraud, health care fraud and obstruction of justice, among other things. At the core of the indictment were charges that Defendant fraudulently billed Medicare for over $5 million in expensive intravenous immunoglobulin treatments for patients who did not have a disease for which Medicare paid for those treatments. Instead, as the indictment charged, Defendant falsified diagnoses, and then, once he became aware of a government investigation, took steps to falsify documents and taint blood sera samples of many of these patients with the objective of obstructing the investigation into the fraudulent billing to Medicare.

2. At the initial appearance, the United States moved for detention pursuant to 18 U.S.C. §3142(f)(2)(A) on the grounds that Defendant posed a risk of flight. At the detention hearing, the United States noted that the nature and circumstances of the charged offenses, which included not only fraud, but obstruction of the efforts by the United States to investigate and

uncover that fraud, were factors weighing in favor of detention.  In addition, the United States pointed to Defendant's close ties with and frequent travel to his country of origin, India, as a further factor in favor of detention.  Moreover, the United States argued that given his close ties to another country and the magnitude of the loss that he was facing if convicted of the charges in the indictment, Defendant posed a serious risk of flight.

      3.  The pretrial services report, which was made available to the United States before the detention hearing concluded that the Defendant did pose a risk of flight.

      4.  While the United States argued that such risk of flight was not outweighed by any reasonable conditions, pretrial services and the Court concluded that there were reasonable conditions that would reasonably assure Defendant's appearance at trial.  See March 21, 2005 Order Setting Conditions of Release.

      5.  Those conditions included a $5 million bond secured by Defendant's primary residence in Brookline, Massachusetts.  See March 21, 2005 Order Setting Conditions of Release.  Those conditions also included restricting Defendant's travel to the Commonwealth of Massachusetts, ordering Defendant not to apply for any travel documents and surrendering his passport.  Id.

      6.  While Defendant has applied for, and the Court has granted, permission for certain professionally related travel outside Massachusetts but within the United States, and permission for professionally related travel in London, England, the United States contends that travel to Saudi Arabia is an unacceptable risk, particularly when weighed against the ability to participate in conferences and lectures remotely by means of video technology.

**Conclusion**

For the foregoing reasons, the United States submits that the Court should not modify the Conditions of Release it set on March 21, 2005 to allow Defendant to travel outside the United States, with his passport, to Saudi Arabia in March 2006 and respectfully requests that it therefore deny Defendant's February 1, 2006 Motion to Modify Terms of Pretrial Release.

                              MICHAEL J. SULLIVAN
                              United States Attorney

          By:    /s/ Jeremy M. Sternberg
                  James E. Arnold
                  Jeremy M. Sternberg
                  Assistant United States Attorneys
                  One Courthouse Way, Suite 9200
                  Boston, MA 02210
                  (617) 748-3142

February 3, 2006

**Certificate of Service**

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this 3rd day of February by United States mail.

                        /s/ Jeremy M. Sternberg
                        Jeremy M. Sternberg
                        Assistant U.S. Attorney