UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | CRIMINAL NO. 05-10057-RCL |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ABDUL RAZZAQUE AHMED** | ) | |
| | ) | |
| **Defendant** | ) | |

## MOTION IN LIMINE BY THE UNITED STATES FOR RULING ADMITTING INTO EVIDENCE A STIPULATION ENTERED INTO BY THE PARTIES

The United States hereby moves, in limine, pursuant to Federal Rule of Evidence 104, for a ruling that the Stipulation entered into between the parties, a copy of which is attached hereto as Exhibit A,[1] is admissible as evidence in the trial of this matter. The specific grounds in support of this motion are set forth in the accompanying Memorandum of Law.

                                                      Respectfully submitted,

                                                      MICHAEL J. SULLIVAN
                                                      United States Attorney

                              By:    /s/ James E. Arnold
                                       JAMES E. ARNOLD
                                       JEREMY M. STERNBERG
                                       Assistant United States Attorneys
                                       One Courthouse Way, Suite 9200
                                     Boston, MA 02210
                                     (617) 748-3100

March 13, 2006

---

[1] Counsel for the defendant has indicated his approval of the stipulation appearing at Exhibit A. Upon receipt of the executed stipulation, the United States will file that document with the Court.

CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

                                     /s/ James E. Arnold
                                     JAMES E. ARNOLD
                                     Assistant United States Attorney

Date: March 13, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 05-10057-RCL |
| ) | |
| v. ) | |
| ) | |
| ABDUL RAZZAQUE AHMED ) | |
| ) | |
| Defendant ) | |

## FACTUAL STIPULATION

1. On June 15, 2000, defendant Ahmed was served with a Subpoena, Ex. __, issued under authority of Section 248 of the Health Insurance Portability and Accountability Act of 1996, Public Law No. 104-91 (18 U.S.C. §3486).

2. The Subpoena sought from defendant Ahmed, among other things, "medical and billing records for all patients who are being treated or were treated with IVIG and for whom any part or all of the services was billed to medicare and/or any third party payor."

3. The documents sought by the Subpoena related to the investigation of a Federal health care offense. Defendant Ahmed, through his retained attorney, produced documents responsive to the Subpoena to a criminal investigator, namely an Assistant U.S. Attorney for the United States Attorney's Office for the District of Massachusetts, who was duly authorized by the Department of Justice to conduct or engage in investigations for prosecutions of health care offenses.

4. By not later than June 15, 2000, defendant Ahmed was aware of an ongoing criminal investigation that was investigating whether he was engaged in proper Medicare billing

practices concerning patients who were diagnosed with pemphigus and/or pemphigoid.

    5.    Sometime before October 25, 2001, defendant Ahmed provided the chart marked as Exhibit __ to his attorney.  Defendant Ahmed stipulates that the copy of the chart attached hereto is authentic.

    6.    Defendant Ahmed authorized his attorney to present that chart to and discuss that chart with the prosecutors and agents who were then investigating defendant Ahmed's Medicare billing practices.

    7.    On October 25, 2001, with defendant Ahmed's knowledge and consent, defendant Ahmed's attorney met with one of the prosecutors (the same one referred to above in paragraph 3) and two federal agents.  One of the agents was from Department of Health and Human Services, Office of the Inspector General and one was from the Postal Inspection Service.  The prosecutor and the two agents were all working on the Medicare billing investigation concerning defendant Ahmed.  During that meeting, which took place at the United States Attorney's Offices, defendant Ahmed's attorney presented them with the binders attached hereto as Exhibit __.  Included in these binders was the chart.  With the authorization of defendant Ahmed, defendant Ahmed's attorney told the prosecutor and the two agents that Exhibit __ should convince them "beyond a doubt" that the patients appearing on Exhibit __ had a "dual diagnosis" of pemphigus and pemphigoid.  Defendant Ahmed's attorney further stated on behalf of defendant Ahmed that reimbursement from Medicare for intravenous immunoglobulin

treatments was permitted as a result of these "dual diagnoses" and that defendant Ahmed had not defrauded Medicare.

So Stipulated:


_____
ABDUL RAZZAQUE AHMED


_____
RICHARD M. EGBERT
Counsel for Abdul Razzaque Ahmed

.