**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | )     **CRIMINAL NO.  05-10057-RCL** |
| | ) |
| **v.** | ) |
| | ) |
| **ABDUL RAZZAQUE AHMED** | ) |
| | ) |
| **Defendant** | ) |

## FACTUAL STIPULATION

1.    On June 15, 2000, defendant Ahmed was served with a Subpoena, Ex. __, issued under authority of Section 248 of the Health Insurance Portability and Accountability Act of 1996, Public Law No. 104-91 (18 U.S.C. §3486).

2.    The Subpoena sought from defendant Ahmed, among other things, "medical and billing records for all patients who are being treated or were treated with IVIG and for whom any part or all of the services was billed to medicare and/or any third party payor."

3.    The documents sought by the Subpoena related to the investigation of a Federal health care offense.  Defendant Ahmed, through his retained attorney, produced documents responsive to the Subpoena to a criminal investigator, namely an Assistant U.S. Attorney for the United States Attorney's Office for the District of Massachusetts, who was duly authorized by the Department of Justice to conduct or engage in investigations for prosecutions of health care offenses.

4.    By not later than June 15, 2000, defendant Ahmed was aware of an ongoing criminal investigation that was investigating whether he was engaged in proper Medicare billing

1

practices concerning patients who were diagnosed with pemphigus and/or pemphigoid.

5.    Sometime before October 25, 2001, defendant Ahmed provided the chart marked as Exhibit __ to his attorney.  Defendant Ahmed stipulates that the copy of the chart attached hereto is authentic.

6.    Defendant Ahmed authorized his attorney to present that chart to and discuss that chart with the prosecutors and agents who were then investigating defendant Ahmed's Medicare billing practices.

7.    On October 25, 2001, with defendant Ahmed's knowledge and consent, defendant Ahmed's attorney met with one of the prosecutors (the same one referred to above in paragraph 3) and two federal agents.  One of the agents was from Department of Health and Human Services, Office of the Inspector General and one was from the Postal Inspection Service.  The prosecutor and the two agents were all working on the Medicare billing investigation concerning defendant Ahmed.  During that meeting, which took place at the United States Attorney's Offices, defendant Ahmed's attorney presented them with the binders attached hereto as Exhibit __.  Included in these binders was the chart.  With the authorization of defendant Ahmed, defendant Ahmed's attorney told the prosecutor and the two agents that Exhibit __ should convince them "beyond a doubt" that the patients appearing on Exhibit __ had a "dual diagnosis" of pemphigus and pemphigoid.  Defendant Ahmed's attorney further stated on behalf of defendant Ahmed that reimbursement from Medicare for intravenous immunoglobulin

treatments was permitted as a result of these "dual diagnoses" and that defendant Ahmed had not

defrauded Medicare.

So Stipulated:


_____

ABDUL RAZZAQUE AHMED


_____

RICHARD M. EGBERT
Counsel for Abdul Razzaque Ahmed


.