UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CRIMINAL NO. 05-10057-RCL |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **ABDUL RAZZAQUE AHMED** | ) |  |
|  | ) |  |
| **Defendant** | ) |  |

### OPPOSITION BY UNITED STATES TO DEFENDANT'S
### MOTION TO MODIFY TERMS OF PRETRIAL RELEASE

The United States hereby opposes defendant's June 16, 2006 Motion to Modify Terms of Pretrial Release to allow him to travel to China from July 15, 2006 through July 30, 2006 in connection with a professional meeting to which he has been invited to give a seminar on "Medical Management of Hair Loss." The grounds for this Opposition are as follows[1]:

1. On March 15, 2005, a twenty-two count indictment was returned against Defendant charging him with mail fraud, health care fraud and obstruction of justice, among other things. At the core of the indictment were charges that Defendant fraudulently billed Medicare for over $5 million in expensive intravenous immunoglobulin treatments for patients who did not have a disease for which Medicare paid for those treatments. Instead, as the indictment charged, Defendant falsified diagnoses, and then, once he became aware of a government investigation, took steps to falsify documents and taint blood sera samples of many of these patients with the objective of obstructing the investigation into the fraudulent billing to Medicare.

---

[1] The United States notes that it was not consulted in advance of the filing of this motion, nor does it appear from the text of the motion that Pre-Trial Services was consulted either, despite the Court's requirement regarding such consultation.

2. At the initial appearance, the United States moved for detention pursuant to 18 U.S.C. §3142(f)(2)(A) on the grounds that Defendant posed a risk of flight. At the detention hearing, the United States noted that the nature and circumstances of the charged offenses, which included not only fraud, but obstruction of the efforts by the United States to investigate and uncover that fraud, were factors weighing in favor of detention. In addition, the United States pointed to Defendant's close ties with and frequent travel to his country of origin, India, as a further factor in favor of detention. Moreover, the United States argued that given his close ties to another country and the magnitude of the loss that he was facing if convicted of the charges in the indictment, Defendant posed a serious risk of flight.

3. The pretrial services report, which was made available to the United States before the detention hearing concluded that the Defendant did pose a risk of flight.

4. While the United States argued that such risk of flight was not outweighed by any reasonable conditions, pretrial services and the Court concluded that there were reasonable conditions that would reasonably assure Defendant's appearance at trial. See March 21, 2005 Order Setting Conditions of Release.

5. Those conditions included a $5 million bond secured by Defendant's primary residence in Brookline, Massachusetts. See March 21, 2005 Order Setting Conditions of Release. Those conditions also included restricting Defendant's travel to the Commonwealth of Massachusetts, ordering Defendant not to apply for any travel documents and surrendering his passport. Id.

6. While Defendant has applied for, and the Court has granted, permission for certain professionally related travel outside Massachusetts and outside the United States, the United

States contends that travel to China, a country with whom the United States does not have an extradition treaty, is an unacceptable risk, particularly when weighed against the ability to give a seminar remotely by means of video technology.

7. Lastly, Defendant seeks "immediate return of his passport so that he may obtain a Visa" for travel to China. In the event that the Court allows this travel, the United States seeks that the provision to Defendant of his passport be strictly limited to whatever is necessary to obtain a visa and to travel to and from China, and that the passport be immediately returned to Pre-Trial Services when not being used for those activities.

**Conclusion**

For the foregoing reasons, the United States submits that the Court should not modify the Conditions of Release it set on March 21, 2005 to allow Defendant to travel outside the United States, with his passport, to Saudi Arabia in July 2006 and respectfully requests that it therefore deny Defendant's June 16, 2006 Motion to Modify Terms of Pretrial Release.

|  |  |
|---|---|
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: | /s/ Jeremy M. Sternberg<br>James E. Arnold<br>Jeremy M. Sternberg<br>Assistant United States Attorneys<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3142 |

June 23, 2006

Certificate of Service

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this 23rd day of June by United States mail.

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney