UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10057-RCL

UNITED STATES OF AMERICA

v.

ABDUL RAZZAQUE AHMED

### INTERIM STATUS REPORT

August 8, 2006

DEIN, M.J.

An Interim Status Conference was held before this court on Tuesday, August 8, 2006, pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders, to wit:

1. The samples have been sent for DNA testing by the defendant's expert. Testing will begin shortly and is expected to be completed by the next status conference.

2. The government will provide its expert report to the defendant by September 8, 2006.

3. The defendant does request expert discovery in accordance with Fed. R. Crim. P. 16(a)(1)(E). The date by which the defendant shall make his expert disclosures shall be set at the next status conference.

4. The date for filing any additional discovery motions, and the date for filing dispositive motions shall be set at the next status conference.

5. In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful at this time.

6. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

7. The parties currently anticipate that a trial will occur. The government anticipates that its case will take approximately twenty (20) days.

8. This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, consideration of alternatives concerning how best to proceed, and preparation of motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

    Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of August 8, 2006 through September 7, 2006, the period between the Interim Status Conference and the next Status Conference.

9. Based upon the prior orders of the court dated March 21, 2005, May 2, 2005, July 21, 2005, November 21, 2005, January 19, 2006, February 8, 2006, June 14, 2006 and the order entered contemporaneously herewith, as of September 7, 2006 there will be zero (0) days of non-excludable

time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.[1]

10. **An Interim Status Conference has been scheduled for September 7, 2006 at 11:15 a.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than THREE business days prior to that Status Conference**.  **In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

      / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).