UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 05-10057-RCL** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **ABDUL RAZZAQUE AHMED** | ) |  |
|  | ) |  |
| **Defendant** | ) |  |

## MOTION BY THE UNITED STATES
## TO TAKE VIDEOTAPE DEPOSITION OF AP AND MM

The United States, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys James E. Arnold and Jeremy M. Sternberg, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 15, to take the videotape depositions of AP and MM.[1]  In support of its motion, the United States submits as follows:

1.  On March 15, 2005, Defendant was indicted on a variety of charges, including mail fraud, health care fraud, obstruction of justice and money laundering. At the heart of the Indictment, is a scheme to defraud Medicare by falsifying diagnoses of a rare blistering skin disease, pemphigus vulgaris ("pemphigus"), for patients who actually suffered from a different and distinct skin disease, pemphigoid.  The Indictment charges that Defendant falsified these diagnoses, because during the relevant period, Medicare allowed reimbursement for expensive intravenous immunoglobulin ("IVIG") treatments for pemphigus, but not for pemphigoid. Defendant is charged with fraudulently billing Medicare, by falsifying a diagnosis of pemphigus,

---

[1] AP and MM are two of Defendant's former patients.  They are so identified in this motion in light of the protective order entered in this case.  Full identifying information for them was provided to Defendant by letter dated April 18, 2005.

for over $5 million for IVIG treatments for patients who did not have the pemphigus, but rather had pemphigoid.

    2. The Indictment charges, among other things, fourteen counts of health care fraud in violation of 18 U.S.C. §1347. One of the counts relates solely to a Medicare claim that Defendant made on behalf of one of his patients at the time, AP; another count relates to MM.

    3. Like many of the patients identified (by initials) in the Indictment, AP and MM are elderly and physically infirm and live some distance from this Courthouse. The United States believes that they knew they had pemphigoid, not pemphigus, and that they received IVIG treatments from the Defendant. The United States therefore seeks to preserve the testimony of these elderly (86 and 80 years old, respectively) and sick witnesses for use at trial. See United States v. Keithan, 751 F.2d 9 (1st Cir. 1984) (allowing, pursuant to Rule 15, taking of depositions of two elderly, infirm witnesses who live 60 miles from the Courthouse).

    4. In accordance with Local Rule 7.1(A)(2), counsel for the United States has, through letter dated September 19, 2006, and numerous subsequent phone calls sought to engage counsel for Defendant in an effort to narrow or resolve the issues raised by this motion. Counsel for the United States is informed that lead counsel for Defendant has been out of town on trial. In any event, despite efforts, counsel for the United States has not been able to obtain Defendant's assent to this motion. However, Defendant assented to a nearly identical motion filed with the Court on October 7, 2005.

5. Accordingly, the United States respectfully requests that the Court allow it to take the videotape deposition of AP and MM at a mutually convenient time (in the November 2006 time frame) and place.

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Jeremy M. Sternberg
       James E. Arnold
       Jeremy M. Sternberg
       Assistant United States Attorneys
       One Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3142

October 11, 2006

### Certificate of Service

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this day by mail.

October 11, 2006        /s/ Jeremy M. Sternberg
                                    Jeremy M. Sternberg
                                    Assistant U.S. Attorney