UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 05-10057-RCL |
| vs. | ) | |
| | ) | |
| ABDUL RAZZAQUE AHMED | ) | |
| | ) | |

**<u>GOVERNMENT'S MOTION FOR RELIEF UNDER FED. R. CRIM. PROC. 16(d)(2)</u>**

The United States hereby moves for relief under Fed. R. Crim. Proc. 16(d)(2) in light of defendant Ahmed's failure to comply with his obligation to provide expert discovery by November 10, 2006. Specifically, despite the obligation in Fed. R. Crim. Proc. 16(b)(1)(C), and despite the Court's Order dated September 12, 2006 reiterating that obligation, defendant Ahmed failed to provide any opinion of any expert on November 10, 2006. Therefore, pursuant to Fed. R. Crim. Proc. 16(d)(2), the United States seeks an order prohibiting defendant Ahmed from introducing any expert testimony at the trial of this matter. As grounds for this motion, the United States sets forth the following:

 1. Having requested (and received) expert testimony from the United States, defendant Ahmed was bound to comply with Fed. R. Crim. Proc. 16(b)(1)(C), which provides, in pertinent part that the defendant must give to the government a written summary of any testimony that the defendant intents to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, and that "summary <u>must describe the witness's opinions, the bases and reasons for those opinions</u>, and the witness's qualifications." (Emphasis supplied).

 2. For some time, the United States has sought this expert disclosure from defendant Ahmed. <u>See</u>, <u>e.g</u>., Joint Status Reports dated November 21, 2005, August 7, 2006 and September 12, 2006.

      3. On September 12, 2006, the Court ordered defendant Ahmed to provide his expert disclosures by November 10, 2006. See Court's September 12, 2006 Interim Status Report ("The defendant will provide his expert discovery by **November 10, 2006**. . ."). (Emphasis in original).

      4. On November 10, 2006, defendant Ahmed purported to make his expert disclosures, which, exclusive of curriculum vitae, comprised less than two pages. More notable was that the purported expert disclosure does not provide a single opinion, let alone a basis for an opinion. (Attached hereto as Exhibit A is defendant Ahmed's purported expert opinion). Instead, the purported expert disclosure merely provides, for each of the two experts identified, a laundry list of expansive topics upon which each expert "may testify." For one expert, Mr. Wraxall, defendant Ahmed states that the "bases and reasons" for his testimony will be "Mr. Wraxall's own testing results and analysis." Yet no such results or analysis is provided. For the other expert, Dr. Yunis, defendant Ahmed states that the bases and reasons underlying his testimony" will be "review of other specific testing data," yet no such data is provided.

      5. It is clear that defendant Ahmed has not provided the required summary describing the **opinion** of his experts. Moreover, no information underlying any opinion has been provided. Defendant Ahmed's purported disclosure does not in any way comport with Rule 16. Rather, it merely provides essentially meaningless information in the form of a series of topics on which an expert "may testify."

      6. Rule 16(d)(2) governs failure to comply with discovery obligations, including defendant Ahmed's expert discovery obligations. One of the remedies, contained in Rule 16(d)(2)(A), is to order the requested discovery. However, the Court has already done so, on

September 12, 2006, and such order has been flouted. Another one of the remedies, contained in Rule 16(d)(2)(C), is to prohibit the non-compliant party "from introducing the undisclosed evidence." The United States submits that the Court should enter an order prohibiting defendant Ahmed from introducing any expert opinion testimony in light of his failure to provide even a single opinion as required by the Rules and by the Court's previous Order. Various courts have excluded expert testimony in response to non-compliant expert disclosures. E.g., United States v. Rettenberger, 344 F.3d 702, 706 (7th Cir. 2003); United States v. Barile, 286 F.3d 749, 758-759 (4th Cir. 2002); United States v. Birdsbill, 243 F.Supp.2d 1128, 1130-1131 (D. Mont. 2003).

WHEREFORE, the United States respectfully requests that the Court allow its motion for relief under Fed. R. Crim. Proc. 16(d)(2) and preclude defendant Ahmed from introducing any expert testimony at the trial of this matter.[1]

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Jeremy M. Sternberg
       Jeremy M. Sternberg
       Assistant U.S. Attorney
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       Tel: (617) 748-3142

---

[1] Undersigned counsel certifies that he complied with Local Rule 7.1(A)(2) by notifying counsel for defendant Ahmed, in writing, of the inadequacies of his expert disclosures and inviting a resolution of these issues in advance of filing a motion. No response was received from counsel for defendant Ahmed. See letter attached hereto as Exhibit B.

# EXHIBIT A

**Larry Tipton, Attorney at Law**

| Trial Lawyer | Criminal Defense | DNA Legal Consultant |

Via Facsimile 617.748.3675 (without *curriculum vitae*) and U.S. Mail

November 10, 2006

Jeremy M. Sternberg, A.U.S.A.
United States Attorney Office
U.S. Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

Re:   United States v. Ahmed: Expert Disclosure

Dear Mr. Sternberg:

Please find the expert disclosures in this case pursuant to Fed R. Crim. P. 16 (b)(1)(C), containing a summary describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications]:

1. Mr. Brian Wraxall, Serological Research Institute ("SERI"), 3053 Research Drive Richmond, CA 94806. Mr. Wraxall is Executive Director of SERI. Mr. Wraxall's qualifications are set out in his *curriculum vitae* attached hereto and incorporated herein.

    Mr. Wraxall may testify to his review of the testing data provided to the defense concerning the testing conducted by the government's DNA laboratory, The Bode Technology Group ("Bode"). Mr. Wraxall will testify to the various methods of forensic DNA testing conducted in this case by Bode, the protocols to be followed, the method to analyze and determine genetic profiles using such testing methods, the issues related to these testing methods and analysis that include but are not limited to detection and analysis of artifacts, determination of whether a biological sample is from a single source, determining secondary source contributors to biological samples, mixture analysis, allelic drop-out, contamination and handling of biological samples, issues arising in the forensic DNA testing and analysis of serum and non-serum biological samples, and calculation of statistical probabilities, inclusion and exclusion. Mr. Wraxall's review of the Bode testing data is ongoing.

    In addition, Mr. Wraxall may testify to the results of his laboratory's forensic DNA testing and analysis of biological samples relevant to this case, using polymerase chain reaction ("PCR"), short tandem repeat ("STR"), and Y-STR methodologies, and to relevant statistical calculations. Mr. Wraxall will testify to the various

AUSA Sternberg, November 10, 2006, p.2

methods of forensic DNA testing conducted in this case, the protocols to be followed, the method to analyze and determine genetic profiles using such testing methods, the issues related to these testing methods and analysis that include but are not limited to detection and analysis of artifacts, determination of whether a biological sample is from a single source, determining secondary source contributors to biological samples, mixture analysis as it concerns serum and non-serum biological samples, allelic drop-out, contamination and handling of biological samples, issues arising in the forensic DNA testing and analysis of serum and non-serum biological samples, and calculation of statistical probabilities, inclusion and exclusion. Mr. Wraxall's testing and analysis of biological samples is ongoing.

The bases and reasons for Mr. Wraxall's testimony will be the documents and electronic data produced by the government, Mr. Wraxall's own testing results and analysis, and Mr. Wraxall's knowledge and expertise in the field of serology, forensic DNA testing and analysis, and the use of statistics relevant to forensic DNA testing.

2. Dr. Edmond Yunis, Professor of Pathology, Harvard Medical School, and Division of Immunogenetics, Dana-Farber Cancer Institute, 44 Binney Street, Boston, MA 02115. Dr. Yunis' qualifications are set out in his *curriculum vitae* attached hereto and incorporated herein.

Dr. Yunis may testify as an expert in immunogenetics and serological studies, and would testify regarding tests used in serological testing for immunogenetics, the uses, methods and analyses of such testing methods and results. Dr. Yunis would testify to his detection of genes used in certain these testing methods and the detection of antibodies present in the blood and related to serological testing. Dr. Yunis would testify to his work in DNA methods, utilization of DNA in testing genes as well as in determining the role of genetics in forensic testing, and his expertise in devising new tests relevant to serology and forensics. Dr. Yunis would testify to his extensive knowledge of antibodies, including such antibodies involved in the testing conducted in this case, the ability of antibodies to survive over long periods of time, the effects on antibodies due to time, storage, exposure to freezing, thawing, testing and handling.

Dr. Yunis' bases and reasons underlying his testimony will be his review of documents produced by the government, review of other specific testing data, his knowledge and expertise in the field of serology, immunogenetics and related testing methods. Dr. Yunis' review is ongoing.

3. The defense is currently seeking a qualified expert in the relevant disease pathology and testing methods relevant to this case. The defense is aware of its ongoing

AUSA Sternberg, November 10, 2006, p.3

obligation to provide this expert disclosure information in a timely fashion.

4. The defense reserves its right to supplement this expert disclosure if it is determined that additional defense expert testimony will be expected

Sincerely,

Larry Tipton

encl\  *Curriculum vitae*, Mr. Brian Wraxal (9 pages)
       *Curriculum vitae*, Dr. Edmond Yunis (51 pages)

cc: Richard Egbert

**Law Office of Larry Tipton**
**60 State Street**
**Suite 700**
**Boston, MA 02109**
**617.878.2078**
**617.879.3272 (fax)**

# EXHIBIT B



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*　　　　　　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 13, 2006

Via Fax 617 879 3272

Larry Tipton
Law Office of Larry Tipton
60 State Street
Suite 700
Boston, MA 02110

　　　　Re: U.S. v. Ahmed, Criminal No. 05-10057-RCL

Dear Mr. Tipton:

　　　　I received your letter dated November 10, 2006, by facsimile, purporting to be the "expert disclosures in this case pursuant to Fed. R. Crim. P. 16(b)(1)(C), containing a summary describing the witness's opinions, the bases and reasons for those opinions. . ." The Rule does expressly provide that you must provide "the witness's opinions, the bases and reasons for those opinions. . ." However, your disclosure fails to provide a single expert witness opinion (and concomitantly fails to provide a single basis for any opinion), despite the Court's Order that Defendant's expert disclosures be made by November 10, 2006.

　　　　In the absence of being provided with disclosures in accordance with the Rules by November 15, 2006, the United States intends to move to compel, and/or to seek other appropriate relief.

　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　MICHAEL J. SULLIVAN
　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　　　　　By:　　*[signature]*
　　　　　　　　　　　　　　　　　　　Jeremy M. Sternberg
　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

cc: Richard M. Egbert (Via Fax 617 737 8223)