**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                              )
UNITED STATES OF AMERICA   )
                                              )   Case No. 05-10057-RCL
              v.                             )
                                              )
ABDUL RAZZAQUE AHMED,  )
                                              )
         Defendant                       )
_____)

**DEFENDANT'S SUBMISSION RE: SEVERANCE**

Defendant Dr. Abdul Razzaque Ahmed ("Dr. Ahmed") hereby responds to the Court's invitation to submit a position on whether the obstruction counts should be severed from the remainder of the indictment for trial. The Defendant has no objection to the proposed severance, and believes that such a severance is appropriate.

Under Rule 14 of the Federal Rules of Criminal Procedure, "[t]he trial court is afforded 'considerable leeway' in determining whether severance is appropriate, and [the court of appeals] will overturn that determination 'only if that wide discretion is abused." See United States v. Sotomayor-Vasquez, 249 F.3d 1, 17 (1st Cir. 2001) (quoting United States v. Pierro, 32 F.3d 611, 616 (1st Cir. 1994); see also United States v. Baltas, 236 F.3d 27, 33 (1st Cir. 2001) (explaining that the district court has "wide latitude" in making severance determinations).

Even in the absence of prejudice, and independent of Rule 14, this Court has the inherent authority to enter orders designed to manage its own calendar and to advance the efficient administration of justice. See United States v. Leichter, 160 F.3d 33, 35 (1st Cir. 1998) (noting that "[t]he power to order separate trials 'rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar.'" That authority includes the

authority to order separate trials for case management purposes.  Id. at 35-36; cf. United States v. Shea, 750 F.Supp. 46, 49 (D. Mass. 1990) (explaining that "each district court has authority and responsibility for managing both pretrial proceedings and trials before it so as to protect the interests of the parties and the public in just determination of a criminal proceeding with 'simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.'") (quoting Fed. R. Crim. P. 2).[1]

In this case, one obstruction of justice count threatens to overwhelm the rest of the case both factually and legally.  While allegations of health care fraud are the heart of the charges against Dr. Ahmed, and the basis for 22 counts of the indictment,[2] the government now seeks to put before the jury evidence which is only conditionally relevant to one or both obstruction of justice counts.[3]  The Defendant expects that trial of Count 22 will require days to weeks of complex testimony from several witnesses (including expert testimony regarding the science of DNA), who would otherwise not be called to testify on the health care fraud counts.  Convenience and simplicity alone would thus justify severance here.  (Because the government submits that the evidence at issue is also relevant to Count 21 – also alleging obstruction of justice, and similarly outside of the health care fraud heart of the indictment – severance of both obstruction of justice counts from the remainder of the indictment is appropriate.)

---

[1] As the Advisory Committee Note to Rule 14 indicates: This rule is a restatement of existing law under which severance and other similar relief is entirely in the discretion of the court, 18 U.S.C. § 557 (Indictments and presentment, joinder of charges) [citing cases] …
[2] Included in these counts are allegations of money laundering and mail fraud – acts which the government alleges were committed in furtherance of a health care fraud scheme.
[3] Initially, the government argued that evidence of the October 25th meeting was relevant only to Count 22.  See United States' Motion to Disqualify Richard M. Egbert, Esq., as Trial Counsel ("Disqualification Motion"); Memorandum in Support (Disqualification Memo"), and the Declaration of Assistant U.S. Attorney James Arnold ("Arnold Decl."), all filed on September 2, 2005.  More recently, the government has asserted that the meeting is relevant to Count 21 as well.  See Government's Memorandum of Law, filed on March 13, 2006, at 6-7.  Because both counts allege violations of 18 U.S.C. § 1518, which criminalizes only "willfully" obstructive conduct, the government must prove the same foundational facts – that the samples were intentionally manipulated and that Dr. Ahmed knew it – prior to being able to establish the relevance of the October 25th meeting to either count.

What is more, as detailed in numerous pleadings before this Court, the government has thus far failed to lay the necessary evidentiary foundation for its proposed evidence, and the Defendant expects that the government will be no more able to meet that burden at trial.[4]  See, e.g., Ostler v. Codman Research Group, Inc., 241 F.3d 91, 96 (1st Cir. 2001) (where there was no evidence before the jury that plaintiff could exercise his rights as a dissenting shareholder, it would have been misleading to allow expert testimony and jury instructions on the appraisal rights under Delaware law).  The prospect of the jury being presented with evidence of defense counsel's conduct would create a substantial risk of a mistrial when the government failed to establish its relevance (in this case, that the samples were intentionally manipulated and that Dr. Ahmed was aware of or involved in that manipulation).

Even more importantly, the government's attempt – through the testimony of Defendant's counsel or through stipulation – to use a criminal defense attorney's advocacy against his client raises significant constitutional concerns.  See, e.g., United States v. Valencia, 826 F.2d 169, 172 (2d Cir. 1987) (courts must employ a more exacting standard when considering admission of statements by attorneys under Rule 801(d)(2)(D)).  These Sixth Amendment issues can be avoided entirely in a health care fraud trial from which the obstruction of justice counts have been severed.

Severing the obstruction counts from the remainder of the indictment would allow the two, truly separate, sets of allegations to be tried separately, creating a more efficient trial and avoiding the complex evidentiary and constitutional questions which would permeate the trial of the obstruction of justice counts.

Respectfully submitted,

---

[4] These arguments, and the underlying factual and procedural background, are described in further detail in a number of documents, most notably Defendant's Opposition To Government's Motion *In Limine* To Admit Into Evidence a Stipulation Entered Into By The Parties, filed April 10, 2006, and Defendant's Objections to Memorandum of Decision and Order On Government's Motion *In Limine* Regarding Admissibility of Stipulation, filed August 17, 2006.

**Dr. Abdul Ahmed,**
By his attorney,

  /s/ Richard M. Egbert
Richard M. Egbert
99 Summer Street
Boston, MA 02110
(617) 737-8222

Dated: November 30, 2006.

## Certificate of Service

I, Richard M. Egbert, hereby certify that I have, on this 30th day of November, 2006, caused the above document to be electronically served by hand upon Assistant U.S. Attorneys Michael K. Loucks, James Arnold, and Jeremy Sternberg, Office of the United States Attorney, District of Massachusetts, One Courthouse Way, Boston, MA 02210.

  /s/ Richard M. Egbert
  Richard M. Egbert