UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 05-10057-RCL |
| v. | ) ) |  |
| ABDUL RAZZAQUE AHMED, | ) ) |  |
| Defendant | ) ) |  |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER AND/OR CLARIFY THE COURT'S ORDER FOR SEPARATE TRIAL ON COUNTS 21 AND 22**

Defendant Dr. Abdul Razzaque Ahmed ("Dr. Ahmed") responds to Government's Motion to Reconsider And/Or Clarify The Court's Order For Separate Trial on Counts 21 and 22 (Motion to Reconsider). The government's motion is flawed in two key respects, both of which make clear that the severance ordered by this Court is appropriate.

First, as the government had argued until this Court raised the issue of severance, evidence of the October 25th meeting is relevant only to the counts involving obstruction of justice. For that reason, severance of the obstruction counts solves the evidentiary issues, as the Proposed Stipulation and the underlying facts are properly excluded from a trial of the counts which form the heart of the allegations against Dr. Ahmed. Second, contrary to the implication of the government's motion, in entering into the Proposed Stipulation, defendant never agreed to its admissibility or to waive the attorney-client privilege. In fact, defendant repeatedly and explicitly disputed its admissibility and maintained the privilege.

I.      **Severance Solves the Evidentiary And Constitutional Issues: the Stipulation and Underlying Facts are Appropriately Admitted Only In an Obstruction Trial**

In its recent submissions to this Court regarding severance, the government has, for the first time, argued that the Proposed Stipulation and evidence of the October 25th meeting are relevant to the health care fraud allegations at the heart of the charges against Dr. Ahmed. In contrast, in the government's submissions attempting to disqualify Ahmed's counsel, the government argued that evidence of the October 25th meeting was relevant only to Count 22. See United States' Motion to Disqualify Richard M. Egbert, Esq., as Trial Counsel ("Disqualification Motion"); Memorandum in Support (Disqualification Memo"), and the Declaration of Assistant U.S. Attorney James Arnold ("Arnold Decl."), all filed on September 2, 2005:

- "It is this Count [22] that presents the conflict involving Richard M. Egbert, Esq." Disqualification Memo at 4.
- "The actions and statements by defendant Ahmed's retained counsel, Attorney Egbert, on October 25, 2001, will be an indispensible part of the Government's case-in-chief with respect to Count Twenty-Two of the Indictment." Id. at 6.
- "The documents produced by Attorney Egbert and the statements made on his client's behalf are at the crux of the allegations in Count Twenty-Two." Id. at 11.
- "[C]ounsel for the United States raised the issue of Attorney Egbert being a likely witness for the Government given the fact that Count Twenty-Two concerned the events in which he participated on October 25, 2001." Arnold Decl. at ¶ 13.

Later, the government asserted that the meeting was relevant to Count 21 as well, but again made no suggestion that it was relevant to any counts other than those based on obstruction. See Government's Memorandum of Law, filed on March 13, 2006, at 6-7. ("[T]here can be no question that the facts set forth in the stipulation are relevant to the allegations set forth in Counts 21 and 22 of the Indictment. Indeed, the facts set forth in the Stipulation go to the heart of the events underlying aspects of both Counts 21 and 22, as well as to the defendant's knowledge and intent at the time of *those* events." emphasis added)

A brief review of the facts of this case makes clear that the government's long-held position was correct regarding the relevance of this proposed evidence. Counts 1-20 and 23-24 of Dr. Ahmed's March 15, 2005 indictment charge Dr. Ahmed with mail fraud for letters sent on September 11, 2000, and June 26, 2000 (Counts 1-6), with health care fraud for claims submitted March 27, 2001 (Counts 7-20), and with money laundering for checks written on June 26, 2000, and July 6, 2000. See Indictment ¶¶ 33,35, and 43.[1]

On October 25, 2001 – more than six months after the last of these allegations – Richard M. Egbert ("Mr. Egbert" or "defense counsel") and another attorney who was representing Dr. Ahmed at the time, met with several government representatives, including an Assistant U.S. Attorney for the District of Massachusetts and two federal agents (the "October 25th meeting").[2] See Declaration of Assistant U.S. Attorney James E. Arnold ("Arnold Decl.") at ¶ 7, filed on September 1, 2005. During the meeting, Mr. Egbert provided two binders to the government containing laboratory reports (among other things), explained the reports' contents, and told the government that the reports demonstrated the lack of any fraud on the government. Id. Following the October 25th meeting, the government subpoenaed from the third-party labs the actual samples reported in the lab reports contained in the two binders and conducted a type of DNA analysis that allegedly suggests that the samples were previously contaminated with the DNA of other individuals. Id. at ¶ 10. Count 22 of the Indictment (obstruction) is apparently based on this DNA analysis. Id. at ¶¶ 10, 12.

There is no suggestion, in the indictment or otherwise, that there is any evidentiary connection between Counts 21-22 and the rest of the indictment other than the vague statement by the government that all counts are part of the same "scheme to defraud." There is thus no reason

---

[1] All citations to "Indictment ¶ __" refer to the corresponding paragraph in the Indictment that was returned against Dr. Ahmed on March 15, 2005.

[2] Dr. Ahmed was not present at the meeting and did not otherwise hear any of the discussions that took place at the meeting.

that testimony regarding defense counsel's actions and statements would be necessary at the health care fraud trial, nor that the jury would need to hear the days to weeks of complex testimony from several witnesses (including expert testimony regarding the science of DNA) that will be the focal point of the trial of the obstruction counts. Such testimony and evidence would undoubtedly overwhelm the central charges against Dr. Ahmed in terms of time, complexity, and focus. Convenience and simplicity alone would thus justify severance. See United States v. Leichter, 160 F.3d 33, 35 (1st Cir. 1998) (noting that "[t]he power to order separate trials 'rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar.'")

To the extent that the government's Motion to Reconsider is in effect a Motion *in Limine* regarding what evidence will be admissible at a trial of Counts 1-20, 23-24, the proposed evidence should be excluded from that trial. Even if the government's proposed evidence has some indirect relevance, it would be properly excluded under Rule 403.[3] The government is requesting that it be allowed to put on days if not weeks of complex and distracting testimony solely because they have rhetorically thrown all charges under the umbrella of one "fraud scheme." To connect the counts, the government offers nothing more than what can be said about virtually any obstruction charge – that conduct allegedly took place to protect the defendant from being caught.

## II.    Neither Defendant Nor His Counsel Agreed to the Admissibility of the Stipulation

The government's Motion to Reconsider also suggests that defendant's counsel and defendant at one time agreed that the Proposed Stipulation be admissible in evidence. This is

---

[3] This is particularly the case given that the government has thus far failed to lay the necessary evidentiary foundation for its proposed evidence, and the prospect of the jury being presented with evidence of defense counsel's conduct would create a substantial risk of a mistrial when the government failed to establish its relevance (in this case, that the samples were intentionally manipulated and that Dr. Ahmed was aware of or involved in that manipulation). See, e.g., Ostler v. Codman Research Group, Inc., 241 F.3d 91, 96 (1st Cir. 2001) (where there was no evidence before the jury that plaintiff could exercise his rights as a dissenting shareholder, it would have been misleading to allow expert testimony and jury instructions on the appraisal rights under Delaware law).

4

simply incorrect. In response to the government's threat to move to disqualify him from representation, defense counsel and defendant agreed to stipulate to non-privileged facts regarding the October 25th meeting, but made clear defendant would not agree that "facts" invading the attorney-client privilege were admissible or to waive any other admissibility challenges. In fact, when the government filed a Motion *in Limine*,[4] seeking an early ruling on the admissibility of the Stipulation, Dr. Ahmed opposed the motion, arguing among other reasons that evidence of *defense counsel's conduct* ought not be admitted *against the defendant* in these circumstances; and the government's Proposed Stipulation contains inadmissible privileged communications.[5]

The Proposed Stipulation addresses not only what was said and done at the October 25th meeting, but also purports to cover what Dr. Ahmed *knew* and *intended* at various times in the sixteen months between the subpoena's issuance and the October 25th meeting. See Factual Stipulation, Exhibit A to Government's Motion to Reconsider. It also encompasses, both directly and indirectly, *communications between Dr. Ahmed and defense counsel* throughout that sixteen-month period. See id. at ¶¶ 4-7. Defendant has always maintained that such a stipulation violates the attorney-client privilege.

What is more, defendant has consistently argued that use of a stipulation rather than live testimony does not satisfy the significant constitutional concerns raised by using a criminal defense attorney's advocacy against his client. See, e.g., United States v. Valencia, 826 F.2d 169, 172 (2d Cir. 1987) (courts must employ a more exacting standard when considering admission of statements by attorneys under Rule 801(d)(2)(D)).

---

[4] See Motion *in Limine* by the United States for Ruling Admitting Into Evidence A Stipulation Entered Into by the Parties, filed March 13, 2006, and United States' Memorandum of Law in Support of Motion *In Limine* for Ruling Admitting Into Evidence A Stipulation Entered Into by the Parties, filed March 13, 2006.

[5] These arguments, and the underlying factual and procedural background, are described in further detail in a number of documents, most notably Defendant's Opposition To Government's Motion *In Limine* To Admit Into Evidence a Stipulation Entered Into By The Parties, filed April 10, 2006, and Defendant's Objections to Memorandum of Decision and Order On Government's Motion *In Limine* Regarding Admissibility of Stipulation, filed August 17, 2006.

The government's argument that defendant somehow waived his constitutional rights through the Proposed Stipulation is thus misplaced.

As the government until recently agreed, the Proposed Stipulation and evidence of the October 25th meeting are relevant only to two counts which are easily severable from the 22 counts (1-20, 23-24) at the true center of the allegations against Dr. Ahmed.  As this Court has correctly ruled, severing the obstruction counts from the remainder of the indictment creates a more efficient trial and avoids the complex evidentiary and constitutional questions which would permeate the trial of the obstruction of justice counts.

        Respectfully submitted,
        **Dr. Abdul Ahmed,**
        By his attorney,

        /s/ Richard M. Egbert
        Richard M. Egbert
        99 Summer Street
        Boston, MA 02110
        (617) 737-8222

Dated: January 12, 2007

## Certificate of Service

I, Richard M. Egbert, hereby certify that I have, on this 12th day of January, 2007, caused the above document to be electronically served by hand upon Assistant U.S. Attorneys Michael K. Loucks, James Arnold, and Jeremy Sternberg, Office of the United States Attorney, District of Massachusetts, One Courthouse Way, Boston, MA 02210.

        /s/ Richard M. Egbert
        Richard M. Egbert