**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 05-10057-RCL |
| v. | ) ) |  |
| ABDUL RAZZAQUE AHMED, | ) ) |  |
| Defendant | ) ) |  |

**ASSENTED-TO MOTION BY DEFENDANT**
**TO FILE FOUR-PAGE SURREPLY BRIEF**

The Defendant hereby moves this Court for leave to file a four-page Surreply Brief, in the form attached hereto as Exhibit A. As grounds therefore, Defendant asserts the following:

1.   The proposed Surreply brief is short (four pages) and addresses the argument and Exhibit presented in the Reply By United States To Defendant's Response to Supplemental Brief [Document # 105].

2.   Counsel for the Defendant had a telephone conference with counsel for the United States on March 20, 2007, pursuant to Local Rule 7.1, and counsel for Defendant assented to the filing of this motion.

WHEREFORE, Defendant respectfully requests that the Court grant leave to file the Surreply Brief attached hereto as Exhibit A.

> Respectfully submitted,
> **Dr. Abdul Ahmed,**
> By his attorney,
>
> /s/ Richard M. Egbert
> Richard M. Egbert
> 99 Summer Street
> Boston, MA 02110
> (617) 737-8222

Dated: March 21, 2007

### Certificate of Service

I, Richard M. Egbert, hereby certify that I have, on this 21st day of March, 2007, caused the above document to be electronically served by hand upon Assistant U.S. Attorneys Michael K. Loucks, James Arnold, and Jeremy Sternberg, Office of the United States Attorney, District of Massachusetts, One Courthouse Way, Boston, MA 02210.

> /s/ Richard M. Egbert
> Richard M. Egbert

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 05-10057-RCL |
| v. ) | |
| ) | |
| ABDUL RAZZAQUE AHMED, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S SURREPLY TO GOVERNMENT'S REPLY
RE: GOVERNMENT'S MOTION TO RECONSIDER
AND/OR CLARIFY THE COURT'S SEVERANCE ORDER**

In the Reply By United States To Defendant's Response to Supplemental Brief (the Government's Reply) [Document # 105], the Government claims to refute Defendant's statement in his Response that:

> Both obstruction of justice allegations are entirely distinct from the Government's Medicare fraud case – there has never been any suggestion that the laboratory results or the allegedly back-dated documents were ever submitted to Medicare in support of reimbursement.

(Emphasis in original). The substance of the Government's Reply, however, serves only to underscore the validity of Defendant's argument, and thus the appropriateness of severance in this case.[1]

The Government argues in its Reply that "Defendant's falsification of documents is not just limited to the obstruction charges, rather it pervades, and is at the heart of, all of the fraud charges

---

[1] As the Court recognized in ordering severance in this case, and as detailed in Defendant's Response to the Government's Supplemental Brief [Document # 104], the Government has charged in an indictment, and argued in filings and appearances before the Court for the past two years, allegations against Dr. Ahmed that amount to two separate cases – (1) a Medicare fraud case, alleging that Dr. Ahmed billed Medicare as if certain patients had one disease when he knew they had another, (Counts 7-20) and, (2) an obstruction of justice case, alleging that when the U.S. Attorney's Office began investigating that conduct, Dr. Ahmed, at that point, created documents and manipulated blood sera test results in order to hinder the Government's investigation. (Counts 1-6, 21-24).

as well." In doing so, the Government attempts to create the impression that the documents relating to the obstruction of justice case (Counts 1-6, 21-24), are somehow related to the Medicare fraud case (Counts 7-20). As the Government's argument makes clear, however, that is simply not the case. While it is of course true that the Government alleges Dr. Ahmed submitted false documents to Medicare (how else would one commit Medicare fraud?), <u>even in the Government's Reply there is no suggestion of even the slightest overlap between documents submitted to Medicare and the documents which form the basis for Counts 1-6, 21-24</u>.

To support its argument that there is some relationship between the obstruction of justice documents and the Medicare fraud documents, the Government even goes so far in its Reply as to attach as an Exhibit a bill Dr. Ahmed allegedly caused to be submitted to Medicare. The Exhibit, however, proves Defendant's central point – while the Exhibit, and documents like it, will certainly be at the center of the Government's Medicare fraud case, they have no connection to the Government's obstruction of justice case.[2] Even in the Government's Reply, there is no suggestion of any relationship between the Exhibit and any of Counts 1-6, 21-24 – there is no allegation, for example, that the allegedly manipulated blood samples sent to Beutner Lab, which are at the center of the obstruction of justice counts, had anything to do with the documents in the Exhibit.[3]

Because no basis exists to connect them, the Government has stopped well short – in its Reply and elsewhere – from stating that documents submitted to Medicare, including the Exhibit, are related to the Beutner tests. And it is solely the Beutner tests which carry with them substantial

---

[2] The Government even notes explicitly that "[t]his bill forms the basis for the charge in Count 20 in the Indictment," yet does not connect the bill to any of the obstruction of justice counts.

[3] The Government asserts that "documents submitted with this bill clearly include a laboratory test report and the evidence at trial will be that this laboratory test report is bogus." This reference to "a laboratory test report" is a transparent attempt to imply some connection between laboratory reports that providers often submit with bills for services rendered (the Exhibit) and the dozens of blood sera samples sent to Beutner after Dr. Ahmed received the Government's subpoena, and which form the basis for much of the obstruction of justice allegations. In reality, the tests are entirely distinct, and there is no suggestion that the Beutner results were ever sent to Medicare.

2

evidentiary and constitutional problems due to the Government's attempt to use a criminal defense attorney's advocacy against his client, and the Government's inability to present any evidence that Dr. Ahmed ever so much as touched the Beutner samples. What is more, it is solely the Beutner tests that will require weeks of complex testimony from several witnesses (including expert testimony regarding the science of DNA, and numerous witnesses regarding the custody of the sera samples at Dr. Ahmed's lab, Beutner Lab, and Bode Lab). None of these witnesses would be called to testify relating to the Exhibit or other documents submitted to Medicare.

<u>Despite filing a Reply for the "primary purpose" of showing that the allegations are connected, the Government could not produce a single document relating to both the Medicare fraud case and the obstruction of justice case.</u> The Government has yet to describe any evidence that it would use to prove that Dr. Ahmed obstructed justice <u>and</u> has any bearing on the sole issue in the Medicare fraud case: whether Dr. Ahmed billed Medicare as if patients had a disease he knew they did not have. Under such circumstances, severance would be appropriate here even putting aside the troubling evidentiary and constitutional issues which will undoubtedly plague the obstruction of justice trial.

To ensure that the Government's allegations can be tried efficiently and fairly, this Court is correct that severance is appropriate and necessary. To effectuate the Court's intent of holding a Medicare fraud trial and then a separate obstruction of justice trial, Counts 7-20 (the Medicare fraud counts) should be tried together, followed by Counts 1-6, 21-24 (the obstruction of justice counts).

          Respectfully submitted,
          **Dr. Abdul Ahmed,**
          By his attorney,

          __/s/ Richard M. Egbert_____
          Richard M. Egbert
          99 Summer Street
          Boston, MA 02110
          (617) 737-8222

Dated: March 21, 2007

### Certificate of Service

I, Richard M. Egbert, hereby certify that I have, on this 21st day of March, 2007, caused the above document to be electronically served by hand upon Assistant U.S. Attorneys Michael K. Loucks, James Arnold, and Jeremy Sternberg, Office of the United States Attorney, District of Massachusetts, One Courthouse Way, Boston, MA 02210.

          __/s/ Richard M. Egbert_____
          Richard M. Egbert