# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | )    CRIMINAL NO. 05-10057-RCL |
|  | ) |
| v. | ) |
|  | ) |
| ABDUL RAZZAQUE AHMED, | ) |
|  | ) |
| Defendant. | ) |

## MOTION TO STRIKE DEFENDANT'S UNTIMELY DISCLOSED EXPERTS

The United States hereby moves to strike defendant's untimely disclosed experts, Samuel Moschella and Niel Korman. On June 29, 2007, Defendant filed the "Expert Disclosure of Dr. Samuel L. Moschella," and on July 17, 2007, Defendant filed the "Expert Disclosure of Dr. Niel Korman." Those disclosures were made without any prior notice to the United States and were made well beyond the Court imposed time frame for making expert disclosures.

## BACKGROUND/ARGUMENT

Starting in 2005, the United States began requesting the identity of Defendant's expert witnesses. Defendant advised the United States that he had engaged a DNA Laboratory called Serological Research Institute ("SERI"). The United States had previously identified its DNA expert and on September 12, 2006, the United States also identified its dermatology expert. See Exhibit A, attached hereto.

The Court's Interim Status Report dated September 12, 2006 provided that "The defendant will provide his expert discovery by November 10, 2006, after which the government will identify its responsive expert." See Exhibit B, attached hereto. The Final Status Report by Magistrate-Judge Dein, dated November 16, 2006, states that the "defendant is in the process of producing expert discovery in connection with his experts, in particular discovery relating to

DNA testing."  <u>See</u> Exhibit C, attached hereto.

At the first hearing in front of this Court, dated January 16, 2007, the United States sought a date certain by which Defendant would produce all expert discovery.  Defendant's counsel advised as follows:

> We've been rolling out the [DNA] testing data that we do to the government and more is coming by the end of March with some preliminary reports in April.  I think what the government is saying is, so long as I continue to comply with those kinds of dates, that a May date for final report disclosures and opinion disclosures is okay.  Is that about right?

The government agreed and the Court then ordered: "Tuesday, May 15, for the disclosure of the defendant's experts."  <u>See</u> Exhibit D, attached hereto (excerpts of transcript of January 16, 2007 hearing).

By May 15, 2007, the only experts disclosed by Defendant were Brian Wraxall, a DNA expert, and Dr. Yunis, an immunologist. With no explanation or request for leave from the Court's deadline, Defendant disclosed a new expert on June 29, 2007 – Dr. Samuel Moschella, and another new expert on July 17, 2007 – Dr. Niel Korman.

In addition to untimeliness of the disclosures, Dr. Moschella and Dr. Korman are inappropriate expert witnesses for a variety of reasons.  Primarily, as discussed below, there is nothing relevant about their proffered testimony.

<u>Dr. Moschella's Proffered Testimony Is Not Relevant To The Trial Of This Case</u>.

Dr. Moschella did actually treat or consult with some of the patients identified in the Indictment (<u>e.g.</u>, RW), and therefore he may be an appropriate fact witness for either or both parties.  However, his "disclosure" is not specific to any particular patient.

Dr. Moschella's proffered testimony focuses on the consequences of the diseases

pemphigus and pemphigoid, the discomfort that patients suffering from the diseases experience, and the impacts that the disease may have on a patient's quality of life. This case, however, is not about the impact that the diseases may have on patients or even whether the treatments provided by Defendant were appropriate. This is a prosecution concerning billing fraud and obstruction of justice – i.e., the operative inquiry for the jury is whether Defendant intentionally listed false diagnoses and generated false documents in order to get paid by Medicare for the treatments he provided, and whether Defendant continued to create and provide false documents to cover up his fraudulent scheme.[1]

There is no place in this case for "outcomes" from treatment, an area that Dr. Moschella's disclosure dwells on. As will be set forth in a related motion in limine to be filed by the United States, in this case, which focuses on a billing fraud scheme and related obstructive conduct, evidence of "happy patients" or cured patients or the like is not relevant. See United States v. Ciccone, 219 F.3d 1078, 1082 (9th Cir. 2000); United States v. Elliot, 62 F.3d 1304, 1308 (11th Cir. 1995). While Dr. Moschella may well be a fact witness regarding his diagnosis of certain patients identified in the Indictment, and the difference between that diagnosis and the one that Dr. Ahmed billed to Medicare for those patients, his general testimony on the diseases and their outcomes, with or without treatment, is not appropriate, especially when factored in to the untimeliness of the disclosure.

The remainder of Dr. Moschella's proffered testimony appears to be as a character

---

[1]In a case about fraudulently billing for one disease when the charge is that the patient did not have that disease, understanding of the differences, clinical and diagnostic, between the diseases, pemphigus and pemphigoid is clearly relevant. Those are areas in which the government's dermatology expert, Dr. Hall, will testify.

witness for Dr. Ahmed (he "has conducted groundbreaking research," he does "cutting edge research" and he treats "patients in a state-of-the-art manner").  Such testimony is inadmissible under Federal Rule of Evidence 405, which provides that in a case such as this one, in which character is not an essential element of any charge, proof of character may only be made "by testimony as to reputation or by testimony in the form of an opinion."

Dr. Korman's Proffered Testimony Is Not Relevant To The Trial Of This Case.

Dr. Korman's expert disclosure suffers from some of the same infirmities as that of Dr. Moschella in that it focuses on the consequences and treatments of the diseases pemphigoid and pemphigus.  Dr. Korman's proffered testimony emphasizes that not all pemphigoid patients are "cured after a clinical course of four to six months of treatment."  He then discusses that "there is no standard of care for pemphigus and pemphigoid."  Dr. Korman's proffered testimony concludes as follows:

> Dr. Korman will testify that IVIG has been an [sic] very useful treatment for patients with autoimmune blistering diseases.  It has given many patients a better quality of life and it has been effective in cases that would otherwise have been exceedingly difficult to treat.

None of this testimony is relevant to this case.  As discussed above, this case is not about the impacts of these diseases; nor is it about the effectiveness of the IVIG treatments rendered by the Defendant.  Moreover, the case is most certainly not about any "standard of care," a concept more traditionally allied with civil medical malpractice than with charges of criminal billing fraud and associated obstruction.

In sum, the expert disclosures of Drs. Moschell and Korman are untimely and proffer testimony on inadmissible topics.  For these reasons they should be stricken.

CONCLUSION

4

For the foregoing reasons, the United States respectfully requests that the Court strike the

expert disclosures and testimony of Drs. Moschella and Korman.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:    /s/ Jeremy M. Sternberg
James E. Arnold
Jeremy M. Sternberg
Assistant United States Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3142

July 18, 2007

### Local Rule 7.1(A)(2) Certification

I hereby certify that I conferred, in good faith, by telephone on July 17, 2007, with
Richard Egbert, counsel for Defendant, in an unsuccessful attempt to resolve or narrow the issue
raised in this motion.

/s/ Jeremy M. Sternberg
Assistant U.S. Attorney

### Certificate of Service

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law
Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this day by
mail and by electronic filing.

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO.  05-10057-RCL** |
|  | ) |  |
|  | ) |  |
| **v.** | ) |  |
|  | ) |  |
|  | ) |  |
| **ABDUL RAZZAQUE AHMED** | ) |  |
|  | ) |  |
| **Defendant** | ) |  |

### JOINT STATUS MEMORANDUM

Pursuant to the Court's Order, the parties have conferred and hereby submit a joint status memorandum addressing the items set forth in Local Rule 116.5(A)(1)-(7):

1. Defendant requests relief from the applicable timing requirements of Local Rule 116.3. The United States is endeavoring to fulfill those time requirements, but to the extent Defendant is afforded relief from them, the United States requests similar relief.

2. Defendant has requested expert discovery concerning expert witnesses. The United States has provided such requested discovery. Reciprocal discovery from Defendant concerning expert witnesses has been requested by the United States. Defendant has engaged a DNA laboratory, but has yet to provide the United States with discovery concerning the expert witnesses he intends to call at trial. The United States requests a date by which defendant shall make his expert disclosures

3. In addition to calling DNA expert(s), whose identities and opinions have previously been disclosed to defendant, the United States intends to call Russell Hall, M.D., a dermatologist at Duke University Medical Center, as a witness to testify generally about the diseases pemphigus and pemphigoid, their clinical presentation, diagnostic differences, treatments and

prognoses. Pursuant to the Court's August 8, 2006 Interim Status Report, the expert report

regarding Dr. Hall has been provided to the defendant.

4. The Court's August Order states that "the date for filing any additional discovery

motions, and the date for filing dispositive motions shall be set at the next status conference."

The parties request that such a schedule be set.

5. The Court stated in its August 8, 2006 Order that:

This court finds and concludes, pursuant to the provisions of 18 U.S.C.
§3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal
Cases in the United States District Court for the District of Massachusetts
(Statement of Time Limits Adopted by the Court and Procedures for
Implementing Them, Effective July 1, 1980), that the interests of justice, i.e.,
review of the case, review of evidence, consideration of alternatives concerning
how best to proceed with this matter, and preparation of dispositive motions,
outweighs the best interests of the public and the defendant for a trial within
seventy days of the return of an indictment.

In light of that finding, the parties requests that the Court order that the period between

August 8, 2006 and the next status conference also be excludable delay.

6. A trial is anticipated. The United States anticipates the trial will last approximately 20

days. Defendant does not yet believe he is in a position to estimate the number of trial days.

2

7. The United States requests a Final Status Conference on a mutually convenient date in

October 2006.

Respectfully submitted,

RAZZAQUE ABDUL AHMED

By his attorney,

/s/ Richard M. Egbert by JMS w/permission
Richard M. Egbert
Law Offices of Richard M. Egbert, P.C.
99 Summer Street, Suite 1800
Boston, MA 02110
(617) 737-8222

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Jeremy M. Sternberg
James E. Arnold
Jeremy M. Sternberg
Assistant U.S. Attorneys
One Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: September 12, 2006

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10057-RCL

UNITED STATES OF AMERICA

v.

ABDUL RAZZAQUE AHMED

## INTERIM STATUS REPORT

September 12, 2006

DEIN, M.J.

An Interim Status Conference was held before this court on Tuesday, September

12, 2006, pursuant to the provisions of Local Rule 116.5(A). Based on that conference,

this court enters the following report and orders, to wit:

1.    The samples have been sent for DNA testing by the defendant's expert.
      Testing has begun and is expected to be completed by the next status
      conference.

2.    The government has provided its DNA expert discovery as well as its
      discovery concerning Dr. Hall. The parties will discuss whether the
      government needs to also provide a summary expert report.

3.    The defendant does request expert discovery in accordance with Fed. R.
      Crim. P. 16(a)(1)(E). The defendant will provide his expert discovery by
      **November 10, 2006**, after which the government will identify its
      responsive expert.

4.    The defendant shall file all discovery motions by **September 22, 2006**,
      and all dispositive motions by **December 11, 2006**.

5.    In this court's view, this is not a case involving unusual or complex issues
      for which an early joint conference of the district judge and the magistrate
      judge with counsel of record would be useful at this time.

6.  In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

7.  The parties currently anticipate that a trial will occur. The government anticipates that its case will take approximately twenty (20) days.

8.  This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, consideration of alternatives concerning how best to proceed, and preparation of motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

    Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of September 7, 2006 through November 16, 2006, the period between the date of the originally scheduled Interim Status Conference and the next Status Conference.

9.  Based upon the prior orders of the court dated March 21, 2005, May 2, 2005, July 21, 2005, November 21, 2005, January 19, 2006, February 8, 2006, June 14, 2006, August 8, 2006 and the order entered contemporaneously herewith, as of November 16, 2006 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy

(70) days will remain under the Speedy Trial Act in which this case must be tried.[1]

10. **A Final Status Conference has been scheduled for November 16, 2006 at 3:00 p.m. Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(C)(1) through (9) before the close of business no less than THREE business days prior to that Status Conference. In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

_/ s / Judith Gail Dein_
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

# EXHIBIT C

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10057-RCL

## UNITED STATES OF AMERICA

v.

## ABDUL RAZZAQUE AHMED

## **FINAL STATUS REPORT**

November 16, 2006

DEIN, M.J.

A Final Status Conference was held before this court on Thursday, November

16, 2006, pursuant to the provisions of Local Rule 116.5(C). Based on that conference,

this court enters the following report, in accordance with Local Rule 116.5(D):

1.  It appears at this time that a trial will be necessary.

2.  The government's discovery is complete except for Jenks material. The defendant is in the process of producing discovery in connection with his experts, in particular discovery relating to DNA testing. Most of the information is expected to be produced next week.

3.  At present there are no outstanding or anticipated discovery issues. The government reserves its right to bring an appropriate motion if it objects to the defendant's upcoming production of discovery.

4.  The defendant intends to file dispositive motions. Such motions are to be filed by December 11, 2006.

5.  The court has on this date entered a further order on excludable time, excluding the period of November 16, 2006 through December 11, 2006, that being the period between the Final Status Conference and the date by which dispositive motions are to be filed. Based upon the prior orders of the court dated March 21, 2005, May 2, 2005, July 21, 2005, November

21, 2005, January 19, 2006, February 8, 2006, June 14, 2006, August 8, 2006, September 12, 2006 and today's order, as of December 11, 2006 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (**70**) days will remain under the Speedy Trial Act in which this case must be tried. The pendency of the defendant's motion shall result in further time being excluded under the Speedy Trial Act.

6. It is estimated that if the case goes to trial, the government's case will last approximately 15-20 trial days. The defendant is expected to put on witnesses as well.

7. The file is hereby ordered returned to the District Judge to whom this case is assigned for further proceedings.

/ s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

-2-

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,
          Plaintiff,

V.                          Criminal Action No. 05-10057-RCL

ABDUL RAZZAQUE AHMED,       January 16, 2007, 2:42 p.m.
          Defendant.        Boston, Massachusetts

_____


TRANSCRIPT OF PRETRIAL CONFERENCE

BEFORE THE HONORABLE REGINALD C. LINDSAY

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

1 COURTHOUSE WAY

BOSTON, MA  02210


DEBRA M. JOYCE, RMR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA  02210
617-737-4410

1    APPEARANCES:

2    FOR THE GOVERNMENT:

3    JEREMY M. STERNBERG, ESQ.
     Assistant United States Attorney
4    Office of the United States Attorney
     John J. Moakley U.S. Courthouse
5    1 Courthouse Way, Suite 9200
     Boston, MA   02210
6    617-748-3100

7
     FOR THE DEFENDANT:
8
     RICHARD M. EGBERT, ESQ.
9    Law Office of Richard Egbert
     99 Summer Street
10   Boston, MA   02110
     617-737-8222
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    case, and a little outline to me of what that case is.

2              MR. EGBERT:  Yes.

3              THE COURT:  And to the government, of course.

4              Mr. Sternberg, you look like you were going to ask

5    a question.

6              MR. STERNBERG:  Yes, your Honor.  Can we also build

7    into this schedule a date by which we will have all of the

8    expert disclosures and expert report?

9              THE COURT:  Yes.  What date do you want to build

10   that into?

11             MR. STERNBERG:  Mr. Egbert has advised as to when

12   he thinks that's possible.  I believe it's --

13             THE COURT:  Do you have experts, too?

14             MR. STERNBERG:  We do.

15             THE COURT:  How many?

16             MR. STERNBERG:  Two:  One dermatology expert, one

17   DNA expert.

18             THE COURT:  Okay.

19             Mr. Egbert, when will you get your expert

20   materials?

21             MR. EGBERT:  We've already provided some.  I would

22   say if I could have until -- one second, your Honor.

23                  (Discussion off the record.)

24             MR. EGBERT:  Judge, what I propose is this:  We've

25   been rolling out the testing data that we do to the government,

1   and more is coming by the end of March with some preliminary

2   reports in April.  I think what the government is saying is, so

3   long as I continue to comply with those kinds of dates, that a

4   May date for final report disclosures and opinion disclosures

5   is okay.  Is that about right?

6            MR. STERNBERG:  That's fair, your Honor.

7            THE COURT:  Okay.  What May date?  May 15th?

8            MR. EGBERT:  That's fine.  If that's a weekday.

9            THE COURT:  What day of the week is that?

10           THE CLERK:  Tuesday.

11           THE COURT:  Tuesday, May 15th for the disclosure of

12  the defendant's experts.

13           If there are any stipulations that you are going to

14  enter into, let me have those by the Friday before trial.  That

15  would be the 14th.

16           Lisa, is there anything else?

17           THE CLERK:  No, you got it all.

18           THE COURT:  Anything else, counsel, we can do

19  today?

20           If not, then let me look at the papers you filed

21  and what has been done previously on this question of the

22  charts, and let me see if I can get back to you.  If you have

23  anything else you want to tell me about that in writing, I'll

24  give you an opportunity.

25           Is there anything else you want to --

5f31d697-aab6-4f1d-9dc8-a7ced81b04b3