**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CRIMINAL NO. 05-10057-RCL** |
| ) | |
| v. ) | |
| ) | |
| **ABDUL RAZZAQUE AHMED,** ) | |
|    Defendant. ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO**
**MOTION TO STRIKE DEFENDANT'S UNTIMELY DISCLOSED EXPERTS**

The United States hereby submits its Reply to Defendant's Opposition to its Motion to Strike Defendant's Untimely Disclosed Experts. Defendant's Opposition crystallizes and elucidates the irrelevant and prejudicial nature of the testimony sought to be introduced by Defendant at trial through his two untimely disclosed experts, Dr. Moschella and Dr. Korman.

For starters, throughout his Opposition, Defendant repeats that these experts will testify that "there is an increasing awareness in the scientific and dermatological community that patients may suffer from both pemphigus and pemphigoid." Opposition at p. 2 (emphasis in original). See also Opposition at p. 7 ("awareness of the existence of a 'dual diagnosis,' or the presence of two autoimmune diseases of the skin in a single patient, is only now beginning to emerge in the community of dermatology."). Current or now-developing "awareness" is irrelevant to the billing fraud charges against the Defendant. Those charges center on what he knew on or before March 27, 2001, not what "awareness" was developed by him or the broader "dermatological community" since then. Any effort to introduce any evidence of this current or now-developing awareness is irrelevant to the charges against Defendant.[1]

---

[1] Similarly, any effort through these or other witnesses to introduce the fact that in 2002 Medicare began to reimburse for IVIG treatments for the disease pemphigoid would be irrelevant to the billing fraud charges at issue that all pre-date that policy change.

Defendant asserts in his Opposition that he needs the testimony of Drs. Moschella and Korman "to help demonstrate that the proper diagnosis of these patients is more complicated than the government claims," and that "the similarity in presentation and symptoms will demonstrate that these initial diagnoses may be erroneous." Opposition at p. 4. The Court should not be swayed by this legal legerdemain. A careful review of Defendant's Expert Disclosures makes clear that the overriding purpose of their testimony is to describe the impact that the diseases pemphigus and pemphigoid can have on patients, and to opine on the positive outcomes the patients experienced from the IVIG treatment. Such testimony adds nothing to the inquiry of whether the pemphigus diagnosis made by the Defendant for the patients in question was false and fraudulent at the time it was made.

For all these reasons, and all the reasons set forth in the Motion to Strike the Defendant's Untimely Disclosed Experts, the United States respectfully requests that the Court strike Drs. Moschella and Korman and prevent them from offering expert testimony at the trial of this matter.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court strike the expert disclosures and testimony of Drs. Moschella and Korman.

                                       Respectfully submitted,

                                       MICHAEL J. SULLIVAN
                                       United States Attorney

                        By:    /s/ Jeremy M. Sternberg
                                James E. Arnold
                                Jeremy M. Sternberg
                                Assistant United States Attorneys
                                One Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3142

August 15, 2007

## Certificate of Service

I hereby certify that I served a copy of the foregoing pleading on Richard M. Egbert, Law Offices of Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110, this day by mail and by electronic filing.

                                     /s/ Jeremy M. Sternberg
                                     Jeremy M. Sternberg
                                     Assistant U.S. Attorney