UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 05-10057-RCL** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **ABDUL RAZZAQUE AHMED** | ) |  |
|  | ) |  |
| **Defendant** | ) |  |

## GOVERNMENT'S DISCLOSURE OF FED. R. EVID. 404(b) EVIDENCE

Pursuant to the Court's Pre-Trial Order, the United States hereby provides a general description of evidence that it intends to offer pursuant to Fed. R. Evid. 404(b).

1. <u>Dr. Ahmed's Conduct at UCLA Medical Center in 1982/1983</u>

Dr. Ahmed's conduct while an associate professor of medicine at UCLA resulted in an independent investigation of certain allegations, including: (1) defrauding Medi-Cal by billing medical procedures performed on his relatives to the Medi-Cal accounts of UCLA employees; (2) fraudulently ordering laboratory tests on patients who did not require them and billing the tests as "medical," when the purpose was research; (3) engaging in fraudulent and/or unethical research practices by submitting articles to scholarly journals before the completion of the experiments referenced in the articles, submitting the articles without informing co-authors, and double-submitting the same article to multiple journals. Each of those allegations was confirmed through independent investigation by Dr. Jordon of the University of Texas.

2. <u>Dr. Ahmed's Conduct at Boston University</u>

In1995, a Board of Investigation appointed under Boston University's Policies and Procedures Concerning Allegations of Misconduct in Scholarship and Research found Dr. Ahmed (and his colleague Dr. Bhol) guilty of scientific misconduct in that they submitted

inaccurate and false information to the National Institute of Health in 1994 in connection with a research grant.

3. <u>Dr. Ahmed's statements to one or more individuals that they should assert their Fifth Amendment privilege and not cooperate with the investigation into his billing practices</u>

The United States expects to offer testimony from one or more individuals that they had a conversation with Dr. Ahmed about the fact that they had been served with a subpoena to testify before the grand jury and that, during the course of those conversations, defendant Ahmed recommended to the witness that s/he should exercise her/his Fifth Amendment right and not testify or otherwise provide information to the federal grand jury that was investigating defendant's conduct.[1]

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   /s/Jeremy M. Sternberg
       James E. Arnold
       Jeremy M. Sternberg
       Assistant United States Attorneys
       One Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3142

October 15, 2007

---

[1] The United States believes that this evidence is direct evidence of the defendant's intent, knowledge, and consciousness of wrongdoing and that, as such, this evidence is inextricably intertwined with the pending charges. Should the Court disagree, then the United States believes that this evidence is also admissible under Fed. R. Evid. 404(b).

<u>Certificate of Service</u>

    I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for Defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

October 15, 2007                      <u>/s/ Jeremy M. Sternberg</u>
                                          Jeremy M. Sternberg
                                          Assistant U.S. Attorney