UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 05-10057-RCL |
| ) | |
| v. ) | |
| ) | |
| ABDUL RAZZAQUE AHMED ) | |
| ) | |
| **Defendant** ) | |

### MOTION IN LIMINE BY THE UNITED STATES
### TO PRECLUDE DISCUSSION RELATING TO A MEDICARE
### POLICY CHANGE IN 2002 THAT ALLOWED PAYMENT FOR
### IVIG TREATMENTS FOR PEMPHIGOID

The United States America, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys Jeremy M. Sternberg and James E. Arnold, hereby moves, in limine, to preclude any argument or introduction of evidence about a change in Medicare reimbursement policy that took effect after the dates charged in the indictment. This policy change, which took effect in 2002, provided for Medicare reimbursement for physicians who provided intravenous immunoglobulin ("IVIg") as a treatment to patients suffering from the autoimmune blistering skin disease pemphigoid. Because this policy change occurred *after* the relevant dates charged in the superseding indictment, it is irrelevant to any issues that will be presented at trial.

### ARGUMENT

The Superseding Indictment charges defendant Ahmed, a physician who established and operated a medical practice under the name "Center For Blistering Diseases," with a variety of criminal offenses, including, *inter alia,* mail fraud, health care fraud, money laundering, and obstruction of justice. These charges essentially relate to two different, yet interconnected, schemes: (1) defendant Ahmed's scheme to defraud the Medicare program between January

1997 and 2001, and (2) defendant Ahmed's scheme to obstruct the Government's investigation into his Medicare billings in 2000 and in 2001.

At the heart of this case is defendant Ahmed's fraudulent conduct undertaken in response to a Medicare reimbursement policy that was in effect in New England from 1997 through 2001. This policy authorized Medicare reimbursement to physicians who provided IVIg treatments -- which were experimental medical treatments that had not been approved by the FDA -- to patients suffering from the rare autoimmune blistering skin disease pemphigus. This policy, however, did not provide for Medicare reimbursement to physicians who treated patients suffering from a different autoimmune blistering skin disease called pemphigoid. See Superseding Indictment, ¶¶ 13-14.

As described in the Superseding Indictment, defendant Ahmed, in response to this Medicare reimbursement policy, concocted a scheme to defraud Medicare in order to obtain payments for his administration of IVIg treatments to his pemphigoid patients. As part of this scheme, defendant Ahmed made false diagnoses in which he misrepresented that his pemphigoid patients were also suffering from pemphigus. He also created and caused to be created false documents that supported this bogus diagnosis. By so doing, defendant Ahmed caused Medicare to pay for IVIg treatments that it would not otherwise have paid for. See generally Superseding Indictment, ¶¶ 21-30.

The fact that the Medicare reimbursement policy for IVIg treatments changed *after* the dates at issue in this case is wholly irrelevant. Evidence is only relevant if it has "any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Whether

today (or even in 2002) Medicare would have reimbursed IVIg treatments administered to the defendant's pemphigoid patients at issue in this case is of no consequence to the question that will be before the jury: namely, whether, between in or about January 1, 1997, and in or about 2001, defendant Ahmed engaged in fraudulent conduct so as to obtain reimbursements pursuant to the Medicare policies then in effect. Because the 2002 changes to Medicare policy were not in effect, they have no bearing on the resolution of this inquiry and should not be admitted. See Fed. R. Evid. 402. The only conceivable reason for defendant to bring up this issue would be in the hopes of obtaining jury nullification. See United States v. Manning, 79 F.3d 212, 219 (1st Cir. 1996) (impermissible for a district court to instruct a jury as to its power to nullify, and equally impermissible for an attorney to achieve the same end via argument); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[a] trial judge ... may block defense attorneys' attempts to serenade a jury with the siren song of nullification").

**CONCLUSION**

Medicare's change in reimbursement policy for IVIg treatments administered to patients suffering from pemphigoid took effect in 2002, after the dates at issue in this matter. As such, this change in policy is wholly irrelevant to the charges. This Court should enter an order precluding any mention or discussion of this change in Medicare reimbursement policy.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:   /s/ James E. Arnold
           JEREMY M. STERNBERG
           JAMES E. ARNOLD
           Assistant United States Attorneys
           One Courthouse Way, Suite 9200
           Boston, MA 02210
           (617) 748-3142/(617) 748-3603

October 15, 2007

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF):

Richard M. Egbert
Law Offices of Richard M. Egbert
99 Summer Street
Suite 1800
Boston, MA 02110.


Date: October 15, 2007

                                                    /s/ James E. Arnold
                                                    James E. Arnold
                                                    Assistant U.S. Attorney