UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10057-RCL |
| | ) |
| **ABDUL RAZZAQUE AHMED,** | ) |
| | ) |
| **Defendant.** | ) |

**MOTION IN LIMINE BY THE UNITED STATES TO ADMIT
EVIDENCE THAT DEFENDANT AHMED ADVISED WITNESSES
TO ASSERT THEIR FIFTH AMENDMENT PRIVILEGES**

At trial, the United States anticipates that one or more witnesses will testify about conversations that s/he had with defendant Ahmed during the course of the government's investigation into defendant Ahmed's billing practices. The United States further anticipates that one or more of those witnesses will testify that, during the course of those conversations, defendant Ahmed recommended to the witness that s/he should exercise her/his Fifth Amendment right and not testify or otherwise provide information to the federal grand jury that was investigating defendant's conduct.

**ARGUMENT**

This anticipated testimony should be admitted. The defendant in this case is charged with not only mail fraud (Counts 1-4), health care fraud (Counts 5-11), and money laundering (Counts 14-15), but also obstruction of justice (Counts 12-13). The obstruction of justice counts concern efforts taken by the defendant to obstruct the federal investigation into his billing practices by, *inter alia*, causing false documents to be created in an attempt to prevent, obstruct, mislead, and delay an ongoing health care fraud investigation. The mail and health care fraud charges are similarly premised, in part, on defendant's efforts to cause the creation of false

documents that supported his billing fraud scheme.  See, e.g., Superseding Indictment, ¶¶ 28, 30. Testimony from witnesses concerning any attempts by the defendant to convince them to withhold or delay providing relevant evidence is directly relevant to defendant's knowledge, intent, and consciousness of guilt with respect to these pending charges.[1/]

Evidence of a defendant's attempts to obstruct justice in a different, earlier investigation is probative as to a defendant's intent and knowledge with respect to whether he sought to attempt to obstruct a later investigation.  See, e.g., United States v. Frankhauser, 80 F.3d 641, 649 (1st Cir. 1996); United States v. Arnold, 773 F.2d 823, 833 (7th Cir. 1985) (evidence of defendant's prior attempt to obstruct justice relevant and probative of defendant's intent to obstruct new investigation); United States v. Kibler, 667 F.2d 452, 455 (4th Cir. 1982).

Where, as here, the evidence concerns an attempt by the defendant to obstruct the investigation leading up to the actual pending charges, there can be little question as to the relevance and probative nature of the evidence:  it is classic evidence of intent and consciousness of guilt.  As the First Circuit has noted:  "The desire to 'cover something up' ... implies a consciousness of guilt of the particular crime charged."  United States v. Gonsalves, 668 F.2d 73, 75 (1st Cir. 1982) (citing 2 Wigmore on Evidence ss 273-77 (Chadbourne Revision 1979)); see also United States v. Ballis, 28 F.3d 1399, 1409 (5th Cir. 1994) (observing that evidence of

---

[1/] The United States believes that this evidence is direct evidence of the defendant's intent, knowledge, and consciousness of wrongdoing and that, as such, this evidence is inextricably intertwined with the pending charges.  Should the Court disagree, then the United States believes that this evidence is also admissible under Fed. R. Evid. 404(b).  See, e.g., United States v. McCann, 366 F.3d 46, 54-55 & n.8 (1st Cir. 2004), vacated on Booker grounds, 543 U.S.1104 (2005).

obstructive conduct would have been probative evidence of defendant's consciousness of guilt in fraud prosecution).

Courts have long recognized that a defendant who, knowing he is under investigation, advises a witness not to say anything to investigators in an attempt to stave off investigation and prosecution of the defendant engages in conduct that may be viewed as constituting obstruction of justice.  See, e.g., United States v. Shotts, 145 F.3d 1289, 1301 (11th Cir. 1998) (finding defendant's statements to his secretary to "just not say anything [to the FBI] and I wasn't going to be bothered" sufficient to support conviction under 18 U.S.C. § 1512); see also United States v. Freeman, 208 F.3d 332, 338 (1st Cir. 2000) (defendant's statements to witness that "I hear you've been talking and the feds are around" and "remember with the feds around talking, keep the lip zipped" sufficient to convict defendant of witness tampering); id. (defendant's statements to witness that "the feds [are] coming down heavy," and advising witness "not to say anything about the Golden Banana" also sufficient to convict defendant of witness tampering); United States v. Cain, 2007 WL 119292, *5 (W.D.N.Y. 2007) (defendant told witness "not to tell those fuckers anything" and "[i]f they say you did something, call them fucking liars").

Similarly, a defendant who urges potential witnesses against him to exercise their Fifth Amendment privileges in an attempt to prevent those witnesses from providing testimony against him may also be viewed as engaging in obstructive conduct.  An individual who "advises with corrupt motive the witness to take [the Fifth Amendment privilege], can and does himself obstruct and influence the due administration of justice." Cole v. United States, 329 F.2d 437, 443 (9th Cir. 1964).  The fact that a witness may possess a personal right not to testify if that testimony would be self-incriminatory does not allow a defendant to manipulate the witness's

exercise of that right so as to impede an ongoing investigation of the defendant's activities. "[T]he highminded purposes which underlie the constitutional protection are disserved, not furthered, if a third party . . . has carte blanche to manipulate an individual's use of the privilege corruptly to impede the due administration of justice." United States v. Cintolo, 818 F.2d 980, 992 (1st Cir. 1987). Indeed, such conduct can, in and of itself, support criminal convictions for obstruction of the due administration of justice:

> Courts interpreting the Omnibus Clause of the pre-1982 version of § 1503 have uniformly held that the statute made it a crime to corruptly influence a witness to invoke his Fifth Amendment self-incrimination privilege before a Federal grand jury rather than testify.

Arnold, 773 F.2d at 831 (citing United States v. McComb, 744 F.2d 555, 563 (7th Cir.1984); United States v. Baker, 611 F.2d 964, 967-69 (4th Cir.1979); United States v. Cioffi, 493 F.2d 1111, 1119 (2d Cir. 1974); Cole, 329 F.2d at 441-42; United States v. Cortese, 568 F.Supp. 119, 128-29 (M.D.Pa.1983)); see also United States v. Farrell, 126 F.3d 484, 492-94 (3d Cir. 1997) (Campbell, J.) (dissenting).

**CONCLUSION**

Here, defendant Ahmed's suggestion to various witnesses, who were not knowing participants in his criminal scheme, that they should assert a Fifth Amendment privilege instead of testifying or otherwise providing information to the ongoing investigation is relevant and probative evidence concerning the defendant's knowledge, intent, and consciousness of wrongdoing with respect to the pending charges. As such, it should be admitted.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /s/ James E. Arnold
    JEREMY M. STERNBERG
    JAMES E. ARNOLD
    Assistant United States Attorneys
    One Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3142/(617) 748-3603

Dated: October 15, 2007

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF):

Richard M. Egbert
Law Offices of Richard M. Egbert
99 Summer Street
Suite 1800
Boston, MA 02110.

Date: October 15, 2007

                                                        /s/ James E. Arnold
                                                        James E. Arnold
                                                        Assistant U.S. Attorney