# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 05-10057-RCL** |
| | ) | |
| **ABDUL RAZZAQUE AHMED,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States hereby requests, pursuant to Fed. R. Crim. P. 30, that the Court instruct the jury in this case in accordance with the attached proposed instructions.

The United States reserves the right to supplement, modify or withdraw any of these requests for instruction as further pretrial developments and the evidence at trial warrant.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ James E. Arnold
JEREMY M. STERNBERG
JAMES E. ARNOLD
Assistant United States Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3142/(617) 748-3603

## TABLE OF CONTENTS

**Instruction**                                                                 **Page**

Duty of Jury to Find Facts and Follow Law                                          1

Each Count Separate Offense                                                        2

Presumption of Innocence                                                           3

Direct and Circumstantial Evidence                                                5

Inferences                                                                        7

Evidence as to be Viewed as a Whole                                               8

Credibility of Witnesses                                                          9

Weighing the Testimony of Experts                                                10

Effect of Stipulation                                                            11

Charts and Summaries                                                             12

Variance - Dates                                                                 13

Mail Fraud                                                                       14

Health Care Fraud                                                                18

Obstruction of Health Care Fraud Investigation                                  21

Money Laundering                                                                 23

Causing an Act (Aiding and Abetting)                                             25

Punishment                                                                       26

Submitting the Indictment                                                        27

The Foreperson's Role; Unanimity                                                 28

Forfeiture - Jury's Duty                                                         29

Forfeiture - Government's Burden of Proof                                        31

Forfeiture - Consideration of Evidence                                              32

Forfeiture - Money Judgment                                                         33

Forfeiture - Constitutes or Is Derived, Directly or Indirectly from
Gross Proceeds Traceable to the Commission of the Offense                           34

Forfeiture - Duty not to Consider Certain Issues that Court Will Decide    36

Forfeiture - Unanimous Verdict                                                      37

**INSTRUCTION NO. ___**

<u>Duty of the Jury to Find Facts and Follow the Law</u>

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said, any suggestions by me as to what verdict you should return – that is a matter entirely for you to decide.[1]

---

[1] <u>First Circuit Criminal Pattern Jury Instructions</u>, Instruction No. 3.01, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

1

**INSTRUCTION NO. ___**

<u>Each Count Separate Offense</u>

The Indictment contains a total of 15 counts.  Each count charges the defendant with a separate crime.  You must consider each count separately and return a separate verdict of guilty or not guilty as to each count.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.[2]

---

[2] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 3-6, p. 3-10.

# INSTRUCTION NO. ___

### Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Abdul Razzaque Ahmed, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendant Ahmed is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the

3

other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a

reasonable doubt of defendant's guilt of a particular crime, you should vote to convict him.[3]

---

[3]  <u>First Circuit Criminal Pattern Jury Instructions</u>, Instruction No. 3.02.

**INSTRUCTION NO. ___**

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses - what he sees, feels, touches or hears - that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. In other words, circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume you were in the courtroom all morning and could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

5

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.[4]

---

[4] Mod. Fed. Jury Instructions, Instruction No. 5-2, p. 5-6; First Circuit Criminal Pattern Jury Instructions, Instruction No. 3.05.

**INSTRUCTION NO. ___**

<u>Inferences</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[5]

---

[5] <u>First Circuit Criminal Pattern Jury Instructions</u>, Instruction No. 3.04.

7

**INSTRUCTION NO. ___**

<u>Evidence to be Viewed as a Whole</u>

Your verdict must be based on your view of the evidence as a whole.

You should not take the testimony of a witness, piece by piece, and reject those portions which, standing alone, may not appear to be true beyond a reasonable doubt. Rather, you should consider the testimony of a witness in light of all the other evidence in the case.[6]

---

[6] <u>United States v. Patten</u>, 226 U.S. 525, 544 (1913); <u>American Tobacco Co. v. United States</u>, 147 F.2d 93, 106-07 (6th Cir. 1944), <u>aff'd</u>, 328 U.S. 781, 809 (1946).

8

**INSTRUCTION NO. \_\_\_**

<u>Credibility of Witnesses</u>

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witness' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their version of the events.[7]

---

[7] <u>First Circuit Pattern Jury Instructions</u>, Instruction No. 3.06.

9

**INSTRUCTION NO. _____**

<u>Weighing the Testimony of an Expert Witness</u>

You have heard testimony from persons described as experts. An expert witness has

special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should

consider the factors that generally bear upon the credibility of a witness as well as the expert witness's

education and experience, the soundness of the reasons given for the opinion and all other evidence in the

case.

Remember that you alone decide how much of a witness's testimony to believe, and how much

weight it should be given.[8]

---

[8] <u>First Circuit Pattern Jury Instructions</u>, Instruction No. 2.07; <u>see also</u> <u>Government of
Virgin Islands v. Fredericks</u>, 578 F.2d 927, 929-30 n.1 (3d Cir. 1978) ("[Y]ou are not bound by
the experts' opinion and you may accept or reject their opinions. You are not bound by their
definitions, their labels as to what is or is not a mental illness."); <u>United States v. Austin</u>, 533
F.2d 879, 884 n.10 (3d Cir. 1976) ("[Y]ou should consider the testimony of each [expert]
witness in connection with the other evidence in the case and . . . give that testimony such weight
as you believe it is fairly entitled to receive").

**INSTRUCTION NO. _____**

<u>Effect of Stipulation</u>

The Government and Defendant have entered into one or more stipulations. You should treat the facts contained in any stipulations as having been proved.[9]

---

[9]  <u>United States v. Cornish</u>, 103 F.3d 302, 307 (3d Cir. 1997).

**INSTRUCTION NO. ___**

<u>Charts and Summaries</u>

The government has presented exhibits in the form of charts and summaries. The charts or summaries contain information taken from documents which were admitted into evidence. You should consider these charts and summaries as you would any other evidence.[10]

---

[10] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 5-12, p. 5-33.

**INSTRUCTION NO. ___**

<u>Variance - Dates</u>

The Indictment alleges that certain acts occurred on or about certain dates. For example, it alleges that certain mailings were made on certain dates.

It does not matter if the Indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by the testimony or exhibits.[11]

---

[11]  <u>Mod. Fed. Jury Instructions</u>, Instruction No. 3-12, p. 3-27; <u>United States v. Morris</u>, 700 F.2d 427 (1st Cir. 1983).

## INSTRUCTION NO. ___

<u>Mail Fraud</u>

The Indictment, in Counts 1- 4, charges the defendant with violating the federal law that makes mail fraud illegal.  For you to find the defendant guilty of mail fraud, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

**FIRST:**       a scheme, as substantially as charged in the indictment, to defraud or to obtain money or property by means of materially false or fraudulent pretenses;

**SECOND:**   defendant's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of materially false or fraudulent pretenses; and

**THIRD:**       the use of the mail, on or about the dates charged, in furtherance of the scheme.

A "scheme" includes any plan, pattern or course of action.  The term "defraud" means to deprive another of something of value by means of deception or cheating.  A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire of purpose to cause some loss to some person.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud.  They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed.  To be material, it is not necessary that the statement, representation, or concealment in fact influence or deceive.  The government is not required to prove that anyone actually relied upon any particular false statement or representation or concealment, so

14

long as it proves beyond a reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important. If a decision was actually influenced or altered, it is probative of materiality.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Thus, if defendant acted in good faith, he cannot be guilty of the crime.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

15

In these instructions, you will notice that I used the word "mail." As used in these instructions, "mail" includes matter or things that were to be sent or delivered either by the United States Postal Service or by any private or commercial interstate carrier.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail on or about the date alleged was closely related to the scheme because defendant caused something to be mailed in an attempt to execute or carry out the scheme. To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

It is not necessary that the defendant do any actual mailing himself or specifically intend that the mail be used. It is sufficient if the mail was in fact used to carry out the scheme and the use of the mail by someone, including a victim of the fraud, was reasonably foreseeable. When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

For each count of mail fraud, the government must establish beyond a reasonable doubt the particular mailing charged in the Indictment. However, the government does not have to prove that the mailings were made on the exact date charged in the Indictment. It is sufficient if the evidence

16

establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud. The government many prove this by establishing either that the completion of the defendant's scheme to defraud or that the prevention of its detection was in some way dependent upon the mailing. Each separate use of the mail in furtherance of the scheme to defraud constitutes a separate offense.[12]

---

[12] 18 U.S.C. § 1341; United States v. Blastos, 258 F.3d 25 (1st Cir. 2001); Neder v. United States, 527 U.S. 1, 23 (1999); Schmuck v. United States, 489 U.S. 705, 710-15 (1989); United States v. Lane, 474 U.S. 438, 451-52 (1986); Mod Fed. Jury Instructions, Instruction No. 44-3, p. 44-4; 2003 First Circuit Pattern Criminal Jury Instructions, Instruction No. 4.12.

INSTRUCTION NO. ___

<u>Health Care Fraud</u>

Counts 5 through 11 of the Indictment charges the defendant with violating the federal law that makes health care fraud illegal.  For you to find the defendant guilty of health care fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

**FIRST:**     That the defendant knowingly and willfully devised a scheme or artifice either (a) to defraud a health care benefit program, or (b) to obtain by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program;

**SECOND:**     That the defendant executed or attempted to execute this scheme;

**THIRD**:     That the defendant did so with an intent to defraud;

**FOURTH:**     That a victim or intended victim was a "health care benefit program;" and

**FIFTH:**     That the scheme was executed or attempted to be executed in connection with the delivery of or payment for health care benefits, items or services.[13]

There are two means by which the health care fraud statute may be violated:  That is, 1) by a scheme to defraud a health care benefit program, or 2) by a scheme to make materially false representations or promises in order to receive money or property from a health care benefit program. The Indictment in this case charges that the Defendant did both.  You may find the Defendant guilty of violating Title 18 U.S.C. §1347 if you conclude beyond a reasonable doubt that the Defendant violated that statute by either means, provided that you unanimously determine which means was used to violate the statute.

---

[13]  18 U.S.C. § 1347; <u>see</u> <u>United States v. Raithata</u>, 368 F.3d 618, 624 (6th Cir. 2004); <u>United States v. Cooper</u>, 283 F.Supp.2d 1215, 1232 (D. Kan. 2003); <u>see also</u> <u>United States v. Kenrick</u>, 221 F.3d 19, 27-29 (1st Cir. 2002) (en banc) (stating comparable elements for violation of 18 U.S.C. § 1344(2)).

18

The defendant acted "knowingly" if he was conscious and aware of his actions and realized what he was doing or what was happening around him. The defendant did not act knowingly if he acted because of ignorance, mistake or accident. An act, or failure to act, is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. The burden to prove intent, as with all other elements of the crime, rests with the government.

A statement, representation, claim promise or document is "false" or "fraudulent" if it is untrue when made and then known to be untrue by the person making it or causing it to be made. Such a statement, representation, claim, promise or document is likewise "false" or "fraudulent" if it is made with reckless indifference to its truth or falsity. A statement or representation would also be "false"when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud. Deceitful statements may also constitute fraud under the statute.

As explained earlier, a false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. To be material, it is not necessary that the statement, representation or concealment, in fact, influence or deceive. The government is not required to prove that anyone actually relied upon any particular false statement or representation or concealment, so long as it proves beyond reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important. If a decision was actually influenced or altered, it is probative of materiality.

Also, as explained earlier, to act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. Intent and knowledge may not

19

ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done.

A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item or service for which payment may be made under the plan or contract.[14]

---

[14]   United States v. Hickman, 331 F.3d 439, 445 (5th Cir. 2003); United States v. Lucien, 347 F.3d 45, 52 (2d Cir. 2003).  See also First Circuit Pattern Jury Instructions for Mail Fraud, Instruction No. 4.12.

INSTRUCTION NO. ____

Obstruction of Health Care Investigation

The Defendant is charged in Counts 12 and 13 of the indictment with obstruction of a health care

investigation in violation of Section 1518 of Title 18 of the United States Code.  In order for the

Defendant to be found guilty of violating this criminal statute, the government must prove each of the

following elements beyond a reasonable doubt:

**FIRST:**     that the defendant willfully prevented, obstructed, misled or delayed, or attempted to
           prevent, obstruct, mislead or delay the communication of information or records;

**SECOND:**   that the information or records related to a violation of a Federal health care offense; and

**THIRD:**    that the defendant acted in this way to prevent, obstruct, mislead, delay, or attempt to
           prevent, obstruct, mislead, or delay the communication of such information or records to
           a criminal investigator.[15]

"Federal health care offense" is defined as a violation of specific sections of Title 18 of the

United States Code.  A "federal health care offense" includes health care fraud in violation of Title 18,

United States Code, section 1347, and obstruction of a criminal investigation of health care fraud offenses

in violation of Title 18, United States Code, section 1518.  A "federal health care offense" also includes

mail fraud, in violation of Title 18, United States Code, section 1341, if the mail fraud scheme relates to a

health care benefit program.[16]

A "health care benefit program" means any public of private plan or contract, affecting

commerce, under which any medical benefit, item, or service is provided to any individual, and includes

---

[15] 18 U.S.C. § 1518

[16] 18 U.S.C. §24(a); 18 U.S.C. §24(b).

21

any individual or entity who is providing a medical benefit, item or service for which payment may be made under the plan or contract.

Under this section, a "criminal investigator" means any individual duly authorized by a department, agency, armed force of the United States to conduct or engage in investigations for prosecutions for violations of health care offenses.[17]

---

[17] 18 U.S.C. §1518(b).

INSTRUCTION NO. ___

<u>Money Laundering</u>

Defendant is charged in Counts 14 and 15 with two counts of violating Title 18, United States Code, section 1956(a)(1), which makes it a crime for anyone to knowingly use the proceeds of certain illegal activity to promote the carrying on of certain illegal activity.

In order to prove the crime of money laundering in violation of Section 1956(a)(1)(A)(i), the government must establish beyond a reasonable doubt each of the following elements:

**FIRST:**    that the defendant knowingly conducted or attempted to conduct financial transactions affecting interstate commerce;

**SECOND**:    that the defendant knew that at least some of the money involved in the financial transactions constituted the proceeds of some form of unlawful activity;

**THIRD:**    that at least some of the money involved in the financial transactions was in fact the proceeds of specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, section 1341, or health care fraud, in violation of Title 18, United States Code, section 1347; and

**FOURTH**:    that the defendant knew that the transactions were designed in whole or in part to promote the carrying on of specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, section 1341, or health care fraud, in violation of Title 18, United States Code, section 1347.

A <u>financial transaction</u> is a transaction involving a monetary instrument that affects interstate commerce. Monetary instruments include personal checks and business checks. If a person gives a personal check or business check to another person and that transaction affects interstate commerce, he engages in a financial transaction. Also, if a person deposits a check in the account of a bank which is engaged in interstate commerce, that person engages in a financial transaction.

A person <u>conducts</u> a financial transaction if he begins the financial transaction, concludes the financial transaction, or participates in beginning or in concluding the financial transaction.

A transaction <u>affects interstate commerce</u> if it in any way or degree has a demonstrated connection or link with interstate commerce.  It is not necessary for the government to prove that the defendant actually intended or anticipated an effect on interstate commerce.  It is only necessary that the natural and probable consequences of the defendant's conduct would be to affect commerce in some way.  Only a minimal effect on commerce is necessary.  If you find beyond a reasonable doubt that the transactions involved checks drawn on banks, that is itself sufficient to satisfy the interstate commerce requirement.

Finally, <u>specified unlawful activity</u> means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of mail fraud, in violation of Title 18, United States Code, section 1341, or health care fraud, in violation of Title 18, United States Code, section 1347.  I instruct you that, as a matter of law, mail fraud and health care fraud fall within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds were the proceeds of either or both of those particular unlawful activities.[18]

---

[18]   <u>Mod. Fed. Jury Instructions</u>, ¶ 50A.02, Instruction No. 50A-8 (1999); <u>United States v. Isabel</u>, 945 F.2d 1193 (1st Cir. 1991); 18 U.S.C. § 1956(c); <u>United States v. Skinner</u>, 946 F.2d 176, 177-78 (2d Cir. 1991); <u>United States v. Jackson</u>, 935 F.2d 832, 842 (7th Cir. 1991); <u>United States v. Montoya</u>, 945 F.2d 1068, 1076 (9th Cir. 1991); <u>United States v. Moore</u>, 27 F.3d 969, 976 (4th Cir. 1994); <u>United States v. Sokolow</u>, 91 F.3d 396, 409 (3d Cir. 1996).

## INSTRUCTION NO. ___

### Causing an Act (Aiding and Abetting)

For you to find the defendant guilty of any of the counts set forth in the indictment, it is not necessary for you to find that he personally committed the act(s) charged in a given count. You may also find him guilty if he willfully caused an act to be done which would be a federal crime if directly performed by him or another.

But for you to find the defendant guilty of a given count set forth in the indictment, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**FIRST:** that the defendant caused another individual to commit the act charged in the count;

**SECOND:** if the defendant or another person had committed the act it would have been the crime charged in the count; and

**THIRD:** that the defendant willfully caused the act to be done.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You may consider this in deciding whether the government has proved that he caused the act to be done, but without more it is not enough.

What the government must prove is that the defendant willfully did something to cause the act(s) to be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of the count you are considering.[19]

---

[19] Pattern Crim. Jury Instr. 6th Cir. 4.01A (2007); United States v. Footman, 215 F.3d 145, 153-54 (1st Cir. 2000).

**INSTRUCTION NO. ___**

<u>Punishment</u>

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, in any way to influence your verdict or to enter into your deliberations.[20]

---

[20]   <u>Mod. Fed. Jury Instructions</u>, Instruction No. 9-1, p. 9-3.

**INSTRUCTION NO. ___**

<u>Submitting The Indictment</u>

I am sending a copy of the Indictment into the jury room for you to have during your

deliberations.  You may use the Indictment to read about the crimes which the defendant is charged with

committing.  You are reminded, however, that an indictment is merely an accusation and is not to be used

by you as any proof of the conduct charged.[21]

---

[21] <u>Mod. Fed. Jury Instructions</u>, Instruction No. 9-4, p. 9-10.

27

**INSTRUCTION NO. ___**

<u>The Foreperson's Role; Unanimity</u>

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

In order to assist you, a special jury verdict form has been prepared for your use. The foreperson will complete this form and hand it to the clerk when the jury returns with its verdict.

INSTRUCTION NO. ____

Forfeiture - Jury's Duty

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of one or more of the mail fraud or health care fraud offenses alleged in the indictment, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of mail fraud or health care fraud shall forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the government alleges constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud or health care fraud offenses which you have already found the defendant guilty of committing.

The government is not required to prove that the monies obtained by the defendants as a result of the mail fraud or health care fraud are still in the defendant's possession. Rather, the government is only required to prove that the defendant obtained the proceeds and that those proceeds were derived from the mail fraud or health care fraud offenses, even if no specific assets are identified into which those proceeds are traced.

Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the gross proceeds traceable to the commission of the mail fraud or health care fraud violations. It is your duty to determine whether the government has proven by a preponderance of the evidence the amount of the gross proceeds traceable to the mail fraud or health care fraud.

29

I instruct you, however, that your previous finding that the defendant is guilty is final, conclusive, and binding.  Because you are bound by your previous finding of guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any offense.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.[22]

---

[22]  18 U.S.C. § 982(a)(7) ("The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense."); Fed. R. Crim. P. 32.2(b)(1) ("As soon as practicable after entering a guilty verdict . . . on any count in an indictment . . . with regard to which criminal forfeiture is sought, the court [or jury] shall determine what property is subject to forfeiture under the applicable statute.")

**INSTRUCTION NO. ___**

Forfeiture - Government's Burden of Proof

My previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do <u>not</u> apply to your deliberations and verdicts regarding forfeiture.  In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud or health care fraud violations.  The government is <u>not</u> required to prove this beyond a reasonable doubt.  Preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property constitutes or is derived, directly or indirectly, from gross proceeds of the commission of the mail fraud or health care fraud, it must prove that it is more likely true than not true.  In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud or health care fraud offenses.   Your job is to determine whether it is more likely than not that the property is such proceeds.  The decision is made by considering all the evidence on the subject and deciding which evidence you believe.[23]

---

[23]  <u>Libretti v. United States</u>, 116 S.Ct. 356, 363 (1995) (§ 853 - criminal forfeiture is part of sentencing); <u>United States v. Bornfield</u>, 145 F.3d 1123, 1134 (10th Cir. 1998) (§ 982 - preponderance); <u>United States v. Voigt</u>, 89 F.3d 1050, 1084 (3d Cir. 1996) (§ 982 - preponderance); <u>United States v. Dicter</u>, 198 F.3d 1284, 1289 (11th Cir. 1999)(§ 853 - preponderance).

31

**INSTRUCTION NO. ___**

Forfeiture - Consideration of Evidence

While deliberating, you may consider any evidence offered by the parties at any time during this trial.  You should consider the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses that one party or the other may have produced.[24]

---

[24]  United States v. Sandini, 816 F.2d 869, 873-74 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

INSTRUCTION NO. ___

Forfeiture - Money Judgment

Under federal law, any person who is convicted of mail fraud or health care fraud offenses shall forfeit to the United States property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, whether or not that property has been or can be seized by the government. Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud offenses or the health care fraud offenses. Regarding a count for which the government requests a money judgment, it is your duty to determine whether it is more likely than not that the amount the government requests constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud or health care fraud offenses.[25]

---

[25] Fed. R. Crim. P. 32.2(b)(1) ("If the government seeks a personal money judgment against the defendant, the court [or jury] shall determine the amount of money that the defendant will be ordered to pay."); United States v. Baker, 227 F.3d 955, 970 (7th Cir. 2000)(§ 982 - a forfeiture may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); United States v. Amend, 791 F.2d 1120, 1124 (4th Cir. 1986) (§ 853 - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession).

33

**INSTRUCTION NO. ___**

<u>Forfeiture - Constitutes or Is Derived, Directly or Indirectly, from Gross Proceeds</u>
<u>Traceable to the Commission of the Offense</u>

I instruct you that the following property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud or health care fraud offenses:

(1)     all property that was obtained, directly or indirectly, by means of the mail fraud or health care fraud; and

(2)     all property that was obtained using, at least in part, property that was obtained by means of the mail fraud or health care fraud; and

(3)     all property that was improved or maintained using, at least in part, property that was obtained by means of the mail fraud or health care fraud; and

(4)     all profit and increase in value on property that was obtained, at least in part, by means of the mail fraud or health care fraud.

Thus, I instruct you that all property acquired, maintained, or improved, at least in part, with proceeds of the commission of the mail fraud or health care fraud constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of mail fraud or health care fraud.

34

The term "gross proceeds" means the amount obtained, directly or indirectly, from the commission of the mail fraud or health care fraud offenses, without adjustment for expenses, taxes, or any other amount. "Gross proceeds" does not mean, therefore, just the profit from the offenses.[26]

---

[26] United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (§ 982 - tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); United States v. Hawkey, 148 F.3d 920, 927-28 (8th Cir. 1998) (§ 982 - property "traceable" to the laundering violation and any appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (§ 982 - "property 'traceable to' means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources" and "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property 'traceable to' the offense"); United States v. Keeling, 235 F.3d 533, 537 (10th Cir. 2000) (§ 853 - "proceeds" means "gross proceeds" and not merely profits).

**INSTRUCTION NO. ___**

<u>Forfeiture - Duty not to Consider Certain Issues that Court Will Decide</u>

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide.  You should not consider what might happen to the property in determining whether the property is subject to forfeiture.  In this connection, you should disregard any claims that other persons may have to the property.  The interests that other persons may have in the property will be taken into account by the Court at a later time.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

Your sole concern now is to determine whether constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the mail fraud or health care fraud offenses which you have found the defendant committed.

Similarly, you are not to consider whether the property is presently available.  That matter also will be considered solely by the Court in imposing sentence.

**INSTRUCTION NO. ___**

<u>Forfeiture - Unanimous Verdict</u>

If you believe, by a preponderance of evidence, that the defendants had a forfeitable interest in the money and/or property as set forth in the Special Verdict form relating to forfeiture, then you may presume that such money and/or property is subject to forfeiture, unless such presumption is outweighed by evidence offered by the defendants to the contrary. In making your determinations regarding forfeiture, your decision must be unanimous.

A Special Verdict Form has been prepared for your use regarding the money or property in question in connection with the forfeiture count.

You may answer by simply putting an "X" or check mark in the space provided next to the words "Yes" or "No" entering an amount. Everyone must agree to any "Yes" or "No" answer or any amount you answer on the special verdict form. The foreperson must then sign and date the Special Verdict Form.

37

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF):

Richard M. Egbert
Law Offices of Richard M. Egbert
99 Summer Street, Suite 1800
Boston, MA 02110.

Date: October 15, 2007

/s/ James E. Arnold
James E. Arnold
Assistant U.S. Attorney

38