UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10057-RCL |
| | ) |
| ABDUL RAZZAQUE AHMED, | ) |
| | ) |
| Defendant. | ) |

### REPLY BY THE UNITED STATES TO DEFENDANT'S 404(b) OPPOSITION

In accordance with the Court's pre-trial order, the United States timely provided a "general description" of its Rule 404(b) evidence. In addition, on all three issues identified, the United States produced information enabling the defendant to make a full response. The files from the UCLA internal investigation and the BU/ORI proceedings demonstrate a history of prior fraud by the defendant.

As the First Circuit has recognized, Rule 404(b) "is one of inclusion which allows the introduction of evidence of other crimes, wrongs, or acts unless the evidence tends to only prove criminal disposition." United States v. Cassiere, 4 F.3d 1006, 1021 (1st Cir. 1993) (internal citation omitted); see also United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. 1993) ("Rule 404(b) is a rule of inclusion, not exclusion"). Determining the admissibility of evidence under Rule 404(b) requires a two-pronged inquiry. "The trial judge first determines whether the evidence has some 'special' probative value showing intent, preparation, knowledge or absence of mistake." United States v. Garcia, 983 F.2d 1160, 1172 (1st Cir.1993). "Next, the judge balances the probative value of the evidence against the danger of unfair prejudice, pursuant to Fed.R.Evid. 403." Id. (footnote omitted).

Evidence of prior fraud is admissible under Rule 404(b) to show intent, though courts have taken different views on the issues of similarity of conduct and recency to the charged conduct. E.g., United States v. Sparkman, – F.3d –, 2007 WL 2492684 at *4 (8th Cir. 2007)("[w]hen a defendant is charged with insurance fraud, prior instances of insurance fraud may be admitted under Rule 404(b) to show the defendant's intent to commit the charged fraud if the prior fraud is similar to and not too remote in time from the charged fraud"); United States v. Polichemi, 219 F.3d 698 (7th Cir. 2000)(prior fraud of 10 years ago "at the outer edges" of relevance).

Defendant claims that the 404(b) disclosure on his instruction to a witness to invoke a Fifth Amendment right in the grand jury is too vague. Having been provided her transcript, defendant knows that Donna Furlong, who worked for him as a nurse at one time, testified that after she had left his employment, he contacted her, when she did not have counsel, and urged her to assert her Fifth Amendment rights to a grand jury investigating him. Telling a witness not to provide information to a grand jury that was investigating him is classic obstruction. Armed with her transcript, defendant is of course aware of this assertion, and can test or challenge it in a variety of ways. The United States filed a separate motion in limine on this topic with a number of case citations demonstrating that the conduct in question could be independently obstructive,[1] but also can be evidence of intent in a fraud prosecution. As the First Circuit has noted: "The

---

[1] Courts have long recognized that a defendant who, knowing he is under investigation, advises a witness not to say anything to investigators in an attempt to stave off investigation and prosecution of the defendant engages in conduct that may be viewed as constituting obstruction of justice. See, e.g., United States v. Shotts, 145 F.3d 1289, 1301 (11th Cir. 1998) (finding defendant's statements to his secretary to "just not say anything [to the FBI] and I wasn't going to be bothered" sufficient to support conviction under 18 U.S.C. § 1512).

desire to 'cover something up' ... implies a consciousness of guilt of the particular crime charged." <u>United States v. Gonsalves</u>, 668 F.2d 73, 75 (1st Cir. 1982) (citing 2 Wigmore on Evidence ss 273-77 (Chadbourne Revision 1979)); <u>see</u> also <u>United States v. Stackpole</u>, 811 F.2d 689, 693-94 (1st Cir. 1987) (acts of obstruction admissible in arson prosecution to show consciousness of guilt); <u>United States v. Ballis</u>, 28 F.3d 1399, 1409 (5th Cir. 1994) (observing that evidence of obstructive conduct would have been probative evidence of defendant's consciousness of guilt in fraud prosecution).

    Here, the witness Donna Furlong -- who was a former employee of the defendant, was unrepresented, and was not a target of the investigation -- will testify that the defendant urged her to assert her Fifth Amendment rights in front of a grand jury investigating him. These facts provide a sufficient basis to find a "corrupt motive" on the part of the defendant such that the evidence should go to the jury in order that it may evaluate his intent.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By:    <u>/s/ James E. Arnold</u>
        JEREMY M. STERNBERG
        JAMES E. ARNOLD
        Assistant United States Attorneys
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3142/(617) 748-3603

Dated: October 29, 2007

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF):

Richard M. Egbert
Law Offices of Richard M. Egbert
99 Summer Street
Suite 1800
Boston, MA 02110.

Date: October 29, 2007

                                                                  /s/ James E. Arnold
                                                                  James E. Arnold
                                                                 Assistant U.S. Attorney