UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10057-JLT |
| | ) | |
| ABDUL RAZZAQUE AHMED, | ) | |
| Defendant. | ) | |

**FINAL ORDER OF FORFEITURE**

**TAURO, D.J.,**

WHEREAS, on October 10, 2007, a fifteen-count Superseding Indictment was handed down by a federal grand jury in the District Court of Massachusetts charging Abdul Razzaque Ahmed (the "Defendant") with, among other things, Obstruction of Justice, in violation of 18 U.S.C. § 1518;

WHEREAS, the Superseding Indictment contained forfeiture allegations, which sought the forfeiture, upon conviction of the offenses alleged in the Superseding Indictment, of all property, real and personal, that constituted and was derived, directly and indirectly, from gross proceeds traceable to the offenses charged, pursuant to 18 U.S.C. § 982;

WHEREAS, on November 11, 2007, at a change of plea hearing, the Defendant pled guilty to Count Twelve of the Superseding Indictment, pursuant to a written plea agreement he signed on November 1, 2007;

WHEREAS, in the written plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea;

WHEREAS, the assets to be forfeited specifically are $2,900,000.00 in United States currency contained in Bank of America account number L71-149659 (the "Currency");

WHEREAS, the Defendant specifically admitted that the Currency is subject to forfeiture on the grounds that it constitutes, or was derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Twelve of the Superseding Indictment;

WHEREAS, the Defendant, in the written plea agreement, consented to the forfeiture of all of his interests in the Currency to the United States;

WHEREAS, by virtue of the Defendant's guilty plea and based on his written plea agreement and his admissions therein, the United States now is entitled to forfeit the Currency;

WHEREAS, the United States moves for entry of a Final Order of Forfeiture against the Currency, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The United States' Motion for a Final Order of Forfeiture is allowed.

2.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions during the plea proceedings and the facts set forth by the United States in support of the plea, that the United States has established the requisite nexus between the Currency to be forfeited and the offenses to which the Defendant pled guilty.

3.    Accordingly, the Currency is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

4.    The Internal Revenue Service shall take custody of the Currency, and shall dispose of it according to law and this Order.

5.    Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this __8th__ day of _____Jan_____, 2008.

_____
JOSEPH L. TAURO
United States District Judge

4